**HALLCO MANUFACTURING CO., INC., Plaintiff/Counterclaim, Defendant–Appellee,**

**and**

**Olof A. Hallstrom, Counterclaim Defendant–Appellee,**

**v.**

**Raymond Keith FOSTER, Defendant/Counterclaimant–Appellant.**

No. 99–1458.

United States Court of Appeals, Federal Circuit.

DECIDED: July 6, 2001.

---

John W. Stephens, Esler, Stephens, & Buckley, of Portland, OR, filed a petition

for panel rehearing for plaintiff/counter-claim defendant-appellees. With him on the brief was Michael J. Esler.

Delbert J. Barnard, Barnard & Pauly, P.S., of Seattle, WA, filed a response for defendant/counterclaimant-appellant.

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge,* and SCHALL, Circuit Judge.

### ORDER

PLAGER, Senior Circuit Judge.

The Petition for Rehearing is GRANTED, for the limited purpose of addressing several factual issues. The original opinion is withdrawn and replaced with the attached revised opinion. The outcome is unchanged.

### OPINION

In this patent case, Hallco Manufacturing Co. filed a declaratory judgment action seeking a judicial determination that its redesigned reciprocating conveyers did not infringe U.S. Reissue Patent No. Re35,022 (the " '022 patent"). The '022 patent is owned by Raymond Keith Foster ("Foster"). Foster counterclaimed against Hallco Manufacturing Co. and its owner Olof A. Hallstrom (collectively "Hallco") for breach of a settlement agreement regarding the '022 patent into which the parties had earlier entered.

The district court, Judge Owen M. Panner, first ruled that the dismissal with prejudice of a previous suit between the parties on the same patent, following a mid-trial settlement of the dispute which resulted in the settlement agreement, did not preclude Hallco from challenging the validity of the '022 patent. *Hallco Mfg. Co. v. Foster,* Civ. No. 98–947–PA (D.Or. Oct. 5, 1998). Second, the district court concluded, after a bench trial, that the patent was invalid. *Hallco Mfg. Co. v. Foster,* Civ. No. 98–947–PA (D.Or. Mar. 1, 1999). And third, the district court held that the redesigned conveyers did not infringe. *Id.* Foster appeals all three rulings to this court. Because we are unable to agree with the district court in its analysis of the first issue, involving the threshold question of claim preclusion, we vacate the district court's judgment and remand for further proceedings. On remand, the district court, consistent with the views expressed here, should reconsider whether Hallco is precluded from raising its invalidity and non-infringement defenses.

### BACKGROUND

Hallco and Foster are competitors in the market for reciprocating conveyers. That the competition between them is fierce is evidenced by the frequency with which their disputes appear in this court.[1] Reciprocating conveyers are commonly used to move large loads into and out of trucks. They are built into the floors of the trucks themselves.

A detailed understanding of the technology is not necessary to understand this opinion; a short summary should suffice to put the case in context.[2] Reciprocating conveyers were known prior to the '022 patent. The key improvement of the '022 patent was the placement of the drive mechanism. In the prior art, the drive mechanism was typically located next to the floor members, with long drive beams connecting the drive mechanism to the

---

* Judge Plager assumed senior status on November 30, 2000.

**1.** *See, e.g., Foster v. Hallco Mfg. Co.,* 119 F.3d 16 (table), 1997 WL 419391 (Fed.Cir.1997) (nonprecedential); *Foster v. Hallco Mfg. Co.,*

34 F.3d 1079 (Fed.Cir.1994) (table); *Foster v. Hallco Mfg. Co.,* 947 F.2d 469 (Fed.Cir.1991).

**2.** For a more detailed explanation of the technology, see the '022 patent and particularly figures 2–6.

floor members. In contrast, the '022 patent provides for mounting the drive mechanism directly below the floor members. This configuration greatly reduces the weight of the conveyor, as well as the amount of space it takes up.

Another difference between the prior art and the conveyer disclosed in the '022 patent is that, in the prior art, the drive beams are connected to the piston rods, which are therefore the moving parts (the cylinders are stationary), while in the '022 patent the drive beams are shown connected to the cylinders, and the cylinders are therefore the moving parts (the piston rods are stationary).

The original application in the '022 patent chain, filed in 1983, claimed only the embodiment of the under-mounted drive mechanism in which the cylinders moved on stationary piston rods. The application was abandoned in favor of a divisional application, in which the claims were broadened to cover in addition the embodiment in which the piston rods moved within stationary cylinders. This application matured into U.S. Patent No. 4,793,469. In 1992, in litigation between these same parties, several of the claims in this patent were held invalid (for reasons unrelated to the present case). The patentee Foster then requested a reissue proceeding in 1994, in which he amended the invalid claims and added new claims. The patent reissued in 1995 as the '022 patent.

Foster then sued Hallco on the '022 patent, accusing its Hallco 4000 and Hallco 6000 products of infringing claims 5 and 33–36. The district court granted summary judgment of non-infringement. On appeal, this court reversed the district court's claim construction and remanded the case for further proceedings. *Foster v. Hallco Mfg. Co.*, 119 F.3d 16 (table), 1997 WL 419391 (Fed.Cir.1997) (nonprecedential). On remand, the district court granted summary judgment of infringe-ment under the new construction, and Hallco was left with only its invalidity defenses. However, before conclusion of the trial, the parties settled, with Hallco taking a non-exclusive, royalty-bearing license. The district court then dismissed the action with prejudice.

After the settlement, Hallco redesigned the Hallco 4000 and 6000. The parties designate the original infringing conveyors as "Hallco I" and the redesigns as "Hallco II," which convention this opinion will follow. Hallco asserted that the new Hallco II designs did not infringe claims 5 and 33–36 of the '022 patent. Foster disagreed. Hallco paid royalties on the Hallco II under protest, then filed this declaratory judgment action, alleging non-infringement by the Hallco II conveyers. Hallco also alleged that the '022 patent was invalid, and sought return of the royalties. Foster counterclaimed, alleging breach of the settlement agreement.

In a series of carefully considered opinions, the district court decided the three issues that are relevant to this appeal. The district court ruled, first, that no claim preclusion arose as a result of the dismissal of the prior suit, and therefore Hallco was free to challenge the validity of the '022 patent.

Second, on the merits of the invalidity question, the district court concluded that the written description in the original application that ultimately led to the '022 patent did not support the claims insofar as they claimed an embodiment in which the cylinders were fixed and the piston rods moved. Thus, Foster was not entitled to its initial 1983 filing date for any claim that covered such an embodiment. The court then concluded that the earliest date to which such claims might be entitled was 1987, the date on which the divisional application with the new claims was filed. Since the Hallco I device, which had

already been found to infringe the '022 patent, had been on sale since 1984, it anticipated the '022 patent, which was therefore invalid.

Third, on the merits of whether the Hallco II infringes the '022 patent, the district court noted that the claims at issue, claims 5 and 33–36, contained a means-plus-function limitation, referred to as the "connector means." The district court was not persuaded by either side's presentation on the issue of whether the structure in the Hallco II allegedly corresponding to the connector means was the same as or equivalent to the structure disclosed in the '022 patent. The district court therefore concluded that Foster had not borne his burden of proof on the issue, and thus found no infringement.

As a consequence of these conclusions, the district court rendered judgment in Hallco's favor, holding that claims 5 and 33–36 of Foster's '022 patent were invalid; that the new Hallco II units did not infringe the claims at issue; and that Hallco did not owe the royalties paid under protest. Judgment was rendered in Hallco's favor for that amount, plus interest, and Foster's counterclaim against Hallco was dismissed with prejudice.

Foster appeals the judgment of the district court. Foster asserts that the district court erred when it determined that Hallco's invalidity defense was not precluded. Foster also asserts that the written description in the '022 patent adequately supported the claims, and that the district court failed to afford his patent the requisite presumption of validity. Finally, Foster asserts that the district court erred in its determination of non-infringement.

## DISCUSSION

### I.

■ We address first the threshold question of whether Hallco was precluded by the earlier litigation from challenging in this litigation validity and infringement under the '022 patent. If it was, then the judgment against Foster on those issues cannot stand. The question of whether prior litigation results in claim preclusion in a later suit is a question of law, reviewed without deference. *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir.1994); *accord Epic Metals Corp. v. H.H. Robertson Co.*, 870 F.2d 1574, 10 USPQ2d 1296 (Fed.Cir.1989); *Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 219 USPQ 1142 (Fed.Cir.1983). Since the present claim preclusion issue is particular to patent law, we analyze it under applicable Federal Circuit law. *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 478–80, 20 USPQ2d 1241, 1247–49 (Fed.Cir.1991). Because the term "claim" has a special meaning in patent law, which meaning is different from "claim" in general civil procedure, it is important to keep the distinction in mind. In this discussion of claim preclusion, unless the context indicates otherwise, the unmodified word "claim" is synonymous with "cause of action."

### II.

■ It is now widely recognized that the judicially enforced notion of litigation repose, called broadly *res judicata*, has two distinct branches, one referred to as issue preclusion (once known as collateral estoppel), and the other as claim preclusion. It is the latter branch with which we are here concerned.

■ The general concept of claim preclusion is that when a final judgment is rendered on the merits, another action may not be maintained between the parties on the same "claim," and defenses that were raised or could have been raised in that action are extinguished. *See* Restatement (Second) of Judgments, §§ 18–19. For claim preclusion purposes, consent

judgments are considered to have the same force and effect as judgments entered after a trial on the merits. *Epic Metals Corp. v. H.H. Robertson Co.*, 870 F.2d 1574, 1576, 10 USPQ2d 1296, 1299 (Fed.Cir.1989) (construing Third Circuit law).

In *Epic Metals*, the parties had settled an infringement suit, which settlement was incorporated into a consent judgment. In the consent judgment, the defendant conceded infringement of the accused device and validity of the patent. The judgment specifically reserved the defendant's right to contest infringement of a different specified device that the defendant might later wish to market; however, it did not reserve the right to challenge the validity of the patent in suit. In later litigation on the same patent between the same parties, on the question of whether the specified device infringed, the trial court read the consent judgment as allowing the defendant to challenge the patent's validity.

■ On appeal, this court held to the contrary. The court set forth the general principle that a party may expressly reserve in a consent judgment the right to litigate some or all issues that would have otherwise been barred between the same parties, but in the absence of such an express reservation, consideration of any issue relating to the claim decided in the original action is barred in future litigation between the parties. *Id.* at 1576–77, 870 F.2d 1574, 10 USPQ2d at 1299. The court read the provisions of the consent judgment as not containing such an express reservation regarding the issue of validity. *Id.* at 1577, 870 F.2d 1574, 10 USPQ2d at 1299. Since, in the words of the *Epic Metals* court, the device in the second suit "was before the court in the [first] suit and was a part of the consent judgment," *id.*, the court held that any challenge to patent validity in the second suit was precluded, stating "[w]ith respect to a consent judg-

ment covering infringement by the [specified device], any issue relating to the claim of infringement by that device, including the validity of the '051 patent, that is not expressly reserved is barred in future litigation between the parties," *id.*

Because the case before it involved a device that was present in both the first and second actions, the *Epic Metals* court left open the issue of under what circumstances, if any, claim preclusion would operate to prevent a subsequent challenge to patent validity when the device in the second action was not involved in the first action. This issue was addressed two years later in *Foster v. Hallco Manufacturing Co.*, 947 F.2d 469, 20 USPQ2d 1241 (Fed.Cir.1991) ("*Foster*"), noted earlier as one of the previous cases in the history of litigation between the two parties to this litigation. In *Foster*, Hallco was the patent owner. The question on appeal was the effect of a prior consent judgment in which Foster had admitted both that Hallco's patent was valid and that he infringed. After the consent judgment had been rendered, Hallco again sued Foster for infringement under the same patent, but regarding a different device. Foster then attempted to challenge the validity of the patent, arguing that inasmuch as no issue had been actually litigated to conclusion in the prior litigation, the consent judgment at most precluded litigation only with respect to the product in issue in that suit.

The *Foster* court held that the earlier settlement and consent judgment would operate to bar a challenge to the validity of the patent claims at issue in the first suit only if the accused device was "essentially the same" as the previous device admitted to infringe, or that any changes were merely "colorable" or "unrelated to the limitations in the claims of the patent." *Foster*, 947 F.2d at 479–80, 20 USPQ2d at 1249. The matter was remanded to the

trial court to determine if the devices were not essentially the same, in which case the suit was based on a different claim—*i.e.*, a cause of action for infringement different from the cause of action in the earlier litigation—and thus there would be no claim preclusion to bar the attack on validity.

In the case before us, the trial court did not undertake the comparison of the two devices called for by the test enunciated in *Foster*. This is because the trial court concluded that when the earlier litigation had been dismissed, based on the settlement reached, there were no express representations about patent validity and infringement similar to those contained in the consent decrees in *Epic Metals* and *Foster*. Absent these express representations, the trial court concluded, there was no prior litigation that raised the claim preclusion issue, and no reason to engage in the comparison of the two devices. The district court therefore held that Hallco was not precluded from challenging the validity of the '022 patent.

On appeal, Foster argues that the dismissal with prejudice was as much a judgment on the merits as a consent decree, and therefore operates the same way, for preclusion purposes, as such a decree. According to Foster, the district court should have followed this court's ruling in *Foster* and compared the Hallco I and Hallco II devices to see if they were essentially the same or if the differences between them were merely colorable, in which case claim preclusion would bar any attack on validity.

Hallco supports the trial court's decision by pointing out that the present case is different from *Foster* and *Epic Metals* in that we are dealing here with a settlement agreement and a dismissal of the underlying litigation, rather than a consent decree. Furthermore, the settlement agreement itself contains no admission of validity, as did the consent decrees at issue in *Foster* and *Epic Metals*. Absent any such admission of validity, according to Hallco, an attack on validity is not precluded in subsequent litigation on the '022 patent.

■ A recent case in this court touched on the problem here, though in a somewhat different context. In *Scosche Industries, Inc. v. Visor Gear Inc.*, 121 F.3d 675, 43 USPQ2d 1659 (Fed.Cir.1997), the plaintiff brought a declaratory judgment suit, claiming invalidity of a patent. The defendant patentee filed a counterclaim of infringement. The parties agreed to a stipulated dismissal of only the infringement counterclaim under Fed.R.Civ.P. 68.[3] Subsequently, the patentee moved for summary judgment on the invalidity count, on the grounds that the dismissal of the infringement claim precluded further litigation of the validity question. The trial court agreed with the patentee.

On appeal, this court disagreed. Recognizing that the issue was not really claim preclusion, since there was no earlier suit but only continuation of the same suit, we held that the Rule 68 dismissal of the infringement counterclaim within the same case did not preclude continued litigation on validity under the initial declaratory judgment action. *Id.* at 677–79, 121 F.3d 675, 43 USPQ2d at 1661–63. Having said that, the court, citing *Epic Metals*, went on to offer by way of dictum a further point:

> [I]f the Rule 68 judgment had terminated this case, Scosche would be barred by claim preclusion principles from raising the defense of invalidity in any infringement action based on the same products that were at issue in this action, since

---

3. Rule 68 allows a defendant to offer to settle the claim, and if the offer is refused and the eventual verdict awards less than the offer, the plaintiff must pay costs for all events after the offer.

the issue of validity was not expressly reserved in the Rule 68 judgment.

121 F.3d 675, 43 USPQ2d at 1662.[4]

 That statement is consistent with the principle of claim preclusion as we understand it. In the present case, the infringement action against the Hallco I device was terminated by a dismissal with prejudice, which is a judgment on the merits. *Hartley v. Mentor Corp.*, 869 F.2d 1469, 1473, 10 USPQ2d 1138, 1141 (Fed.Cir.1989); *cf. Flex–Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1367–68 (Fed. Cir.2001) (discussing the preclusive effects of a dismissal with prejudice). Accordingly, under basic claim preclusion rules, Foster is precluded from bringing another suit for infringement regarding the Hallco I. As a corollary principle, Hallco now is similarly precluded from challenging validity in a suit for infringement of any device that is the same as the Hallco I, because invalidity was a defense that was or could have been raised in the prior litigation. In this regard, there is no legally dispositive difference for claim preclusion purposes between a consent judgment based on a settlement (which, in *Foster*, included a provision dismissing the case), and a dismissal with prejudice which is based on a settlement. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) ("It is of course true that the [earlier] judgment dismissing the previous suit 'with prejudice' [pursuant to a settlement] bars a later suit on the

same cause of action."). This result also comports with the policy expressed in *Foster* that the public is best served by getting invalid patents declared invalid as early as possible. *See Foster*, 947 F.2d at 476–77, 20 USPQ2d at 1246 (quoting *Schlegel Mfg. Co. v. USM Corp.*, 525 F.2d 775, 781 (6th Cir.1975)).

In the settlement and dismissal judgment, Hallco did not reserve the right to pursue the invalidity defense in later litigation between the parties. Under *Foster*, absent such an express reservation the right to do so depends on whether the underlying cause of action is different from the one brought earlier, which in turn depends on whether the Hallco I and Hallco II devices are essentially the same, or if any differences between them are merely colorable. If so, claim preclusion applies.[5] *See* 947 F.2d at 479–80, 20 USPQ2d at 1249.

Hallco contests whether the issue of claim preclusion with respect to the infringement issue is properly before this court. Furthermore, even if it is before us, Hallco asserts that the settlement agreement specifically permits subsequent challenges to infringement. Hallco's arguments are not on point. *Foster* specifically stated that, if the second device was the same as the first device, "the issue of validity (*as well as infringement*) is barred by [the proceeding regarding the first device]." 947 F.2d at 483, 20 USPQ2d at

---

4. Curiously, in the West reporter system, the paragraph containing the quoted text appears at the very end of the opinion, 121 F.3d at 682, rather than at its proper place in the text, *id.* at 679. However, it is present at the correct place in the USPQ2d volume, both in paper and online. More importantly, it appears correctly in this court's official version of the opinion, which is the definitive textual source.

5. We have no cause to explore here the relationship, if any, between the "essentially the

same" test for claim preclusion and the "insubstantial differences" test for infringement of a means-plus-function claim or infringement under the doctrine of equivalents (other than to note that the former test compares device to device while the latter test compares device to claim), and therefore leave consideration of this issue to another day. *But see KSM Fastening Sys., Inc. v. H.A. Jones Co.*, 776 F.2d 1522 (Fed.Cir.1985) (discussing the relationship between the "colorable differences" test and the "function/way/result" test in the context of a contempt proceeding).

1251–52 (emphasis added). Furthermore, even though the agreement does anticipate future determinations of infringement, such a provision cannot be extended to permit relitigation over a device that has already been adjudicated to infringe, or a device that is legally the same (under the *Foster* test) as such an infringing device. As the Supreme Court has said,

> Simply put, the doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876). The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

*Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983). We will not give parties the power to agree to waste the resources of the courts in revisiting infringement determinations that have already been made.

As noted, the district court did not compare the Hallco I and Hallco II devices. The parties contest before us whether the two devices are more than colorably different. We find the record insufficient to allow us to make this determination at the current stage in the proceeding. Since the decision on claim preclusion is a threshold issue that must be addressed before the court can consider the infringement and validity issues, we vacate the district court's judgment and remand for the court to resolve the claim preclusion issue consistent with the *Foster* rule. Accordingly, we do not reach the issues of invalidity and infringement.

On remand, the district court should compare the Hallco I and the Hallco II, and if it concludes that that the two devices are essentially the same or only colorably different, it should find that Hallco is precluded from challenging validity and infringement. Such a finding would also necessitate a judgment for Foster on the counterclaim, requiring Hallco to pay royalties on the Hallco II, since it is the same as the Hallco I for which the license agreement requires payment. If the district court concludes that the two devices are not essentially the same, and that Hallco is therefore free to challenge validity and infringement, it may then reconsider its determinations regarding validity and infringement, and reinstate those verdicts if it deems such action warranted.

## CONCLUSION

The decision of the district court is *VACATED and REMANDED.*