**VERSA CORPORATION, an Oregon Corporation, Plaintiff,**

v.

**AG–BAG INTERNATIONAL LIMITED, a Delaware Corporation, Defendant.**

**No. 8:01CV527.**

United States District Court, D. Nebraska.

Jan. 28, 2004.

Dennis L. Thomte, Shane M. Niebergall, Thomte, Mazour Law Firm, Omaha, NE, for Plaintiff/Counter Defendants.

Christopher Lewis, David Axelrod, Schwabe, Williamson Law Firm, Portland, OR, John P. Passarelli, McGrath, North Law Firm, Omaha, NE, for Defendant/Counter Claimants.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

### I. Introduction

The matter before the court is Versa Corporation's (Versa) motion for summary judgment, Filing No. 36, and Ag–Bag International Limited's (Ag–Bag) cross motion for summary judgment, Filing No. 41. The parties submitted supporting and opposing briefs, Filings Nos. 37, 42, and 44, and supporting indices, Filings Nos. 38 and 43.

## II. Background

Versa and Ag–Bag manufacture and sell agricultural bagging machines. These machines are designed to force silage and other materials through a tunnel and into large plastic storage bags mounted over the output end of the tunnel. Versa's infringement claims against Ag–Bag concern a bagging machine's compaction bars. These bars control the density of the silage as the machine conveys it into the bags. Versa holds United States Patent No. 5,894,713 (the '713 patent) for a "Density Control Means for an Agricultural Feed Bagging Machine." The allegedly infringing device is Ag–Bag's Hydraulic Finger Compaction (HFC) machine.

This is not Versa's first infringement claim against Ag–Bag. In April 2000, Versa filed suit in the United States District Court for the District of Oregon alleging that Ag–Bag's HFC machines infringed the '713 patent. In September 2000, Versa and Ag–Bag entered into a short, two-page settlement agreement in which they expressly stated that they were settling the suit without admitting liability. Ag–Bag agreed, first, that it would "not make, use, sell, offer to sell or lease bagging machines which are covered by one or more claims of the '713 or '612 patents" during the term of the patents or until "entry of a final judgment that the applicable patent is invalid or unenforceable by any court or administrative agency of competent jurisdiction." Filing No. 38, Def. Index of Evid., Ex. B, ¶ 2. Ag–Bag also agreed that it would not use the term "internal density" or any other confusingly similar term to advertise, sell, or promote agricultural bagging machines for as long as Versa was using that term as a trademark. *Id.*, ¶ 3. For its part, Versa agreed to dismiss its suit with prejudice and to "release Ag–Bag from any claim for liability for infringement of the '713 or '612 patents." *Id.*, ¶ 4.

Ag–Bag paid Versa $22,500 and dismissed with prejudice its counterclaims. *Id.*, ¶¶ 1, 4. Significantly, the agreement does not designate which of Ag–Bag's machines are implicated or describe what purportedly infringing conduct or device is covered, nor does it contain any provisions for licensing Ag–Bag's HFC machines or for barring subsequent infringement suits. After the agreement was filed, the district court dismissed the suit with prejudice.

Versa filed the present suit after Ag–Bag leased an HFC machine to David Cochran and to Steve Kool during the summer of 2001. This machine was in existence at the time of the settlement agreement. Versa's complaint alleges by leasing the machine to Cochran and Kool, Ag–Bag infringed the '713 patent and breached the settlement agreement. Ag–Bag maintains that by signing the settlement agreement, it did not admit that the HFC machine infringed the '713 patent. Further, Ag–Bag argues that the settlement and release created as a matter of law an implied license to any machine existing when the parties signed the agreement.

## III. Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The proponent of a motion for summary judgment bears the initial responsibility of showing the absence of a genuine issue of material fact, which can be done by pointing to the lack of evidence to support an essential element of the nonmoving party's claim. *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the non-moving party must then set forth "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). When viewing the evidence, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

## IV. Discussion

*Res Judicata.* Versa's present infringement claim is based on Ag–Bag's lease of an HFC machine subsequent to the parties' settlement agreement and the dismissal with prejudice of the Oregon patent suit. Ag–Bag argues, however, that under the doctrine of res judicata the Oregon dismissal and settlement bar Versa's present claim.

■■■■ The theory of res judicata encompasses the doctrines of claim preclusion and issue preclusion. *Leonard v. Southwestern Bell Corp. Disability Income Plan,* 341 F.3d 696, 701 (8th Cir. 2003). The question in this case is one of claim preclusion, *i.e.,* whether the Oregon suit was a valid final adjudication of Versa's claim that will preclude all or part of the present suit. *See Baker by Thomas v. General Motors Corp.,* 522 U.S. 222, 233 n. 5, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). The doctrine of claim preclusion prohibits relitigation of claims where 1) a court of competent jurisdiction rendered the prior judgment, 2) the prior judgment was final and on the merits, and 3) both cases involved the same cause of action and parties.[1] *See Canady v. Allstate Ins. Co.,* 282 F.3d 1005, 1014 (8th Cir.2002). The preclusive effect includes not only claims and defenses that were offered and received in the first action, but matters which might have been decided. *Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983); *Glick v. Ballentine Produce, Inc.,* 397 F.2d 590, 593 (8th Cir.1968). The claim preclusion doctrine is "employed to conserve judicial resources and protect parties from 'the expense and vexation' of relitigating claims and issues that have been previously adjudicated." *Black Clawson Co. v. Kroenert Corp.,* 245 F.3d 759, 763 (8th Cir.2001) (*quoting Tyus v. Schoemehl,* 93 F.3d 449, 453–54 (8th Cir.1996)).

Neither party disputes that the Oregon district court properly exercised jurisdiction over Versa's claim or that the dismissal with prejudice was a final judgment on the merits for purposes of claim preclusion. *See Larken, Inc. v. Wray,* 189 F.3d 729, 732 (8th Cir.1999) ("When the parties to a previous lawsuit agree to dismiss a

---

1. If res judicata rather than patent principles control resolution of this case, Eighth Circuit rather than Federal Circuit law applies. *Media Techs. Licensing, LLC v. Upper Deck Co.,* 334 F.3d 1366, 1369 (Fed.Cir.2003) ("Because this case turns on general principles of claim preclusion, not on any rule of law having special application to patent cases, we apply the law of the regional circuit in which the district court sits."). The Federal Circuit "will apply the law of the regional circuit to which the district court appeal normally lies unless 'the issue pertains to or is unique to patent law,' in which case we will apply our own law to both substantive and procedural issues 'intimately involved in the substance of enforcement of the patent right.' " *Flex–Foot, Inc. v. CRP, Inc.,* 238 F.3d 1362, 1365 (Fed. Cir.2001) (*quoting Amana Refrigeration, Inc. v. Quadlux, Inc.,* 172 F.3d 852, 855–56 (Fed. Cir.1999) (citations omitted)). · Because the elements of claim preclusion are the same for both the Eighth and Federal Circuits, however, the issue of which circuit's law applies is moot.

claim with prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of *res judicata.*"). *See also Hallco Mfg. Co. v. Foster,* 256 F.3d 1290, 1297 (Fed.Cir.2001). The question then seems to become whether Versa has a new cause of action for infringement based on Ag–Bag's lease of the HFC machine to Cochran and Kool. Versa contends the leases constitute a claim that could not have been raised in the Oregon suit because the leases had not yet occurred when the parties settled and the court dismissed the suit. Ag–Bag alleges, however, that because Versa released Ag–Bag from infringement claims against the HFC machines in the settlement agreement, Versa is precluded from bringing any subsequent infringement claims against an HFC machine that was in existence at the time the Oregon suit was dismissed.

The nature of the parties' settlement agreement makes the resolution of this argument difficult. Versa and Ag–Bag's bare-bones agreement contains few of the detailed provisions that the Federal Circuit has found sufficient in other cases to preclude subsequent claims. *See, e.g., Flex–Foot, Inc. v. CRP, Inc.,* 238 F.3d 1362, 1367–68 (Fed.Cir.2001); *Foster v. Hallco Mfg. Co.,* 947 F.2d 469, 472 (Fed. Cir.1991). For example, the parties' agreement does not expressly bar future litigation over the validity and enforceability of the '713 patent; does not specify which of Ag–Bag's bagging machines were subject to the non-infringement covenant; contains no admission that the HFC machines infringed the '713 patent; does not establish the validity of the '713 patent; does not limit the effect of the agreement to HFC machines, or even to those HFC machines extant at the time of the agreement; and grants no license to Ag–Bag for the HFC machines. In short, the parties agreed to very little except that Versa would dismiss the suit in exchange for $22,500 from Ag–Bag.

■ Whatever the reasons for such a skeletal agreement, the fact remains that the parties *did* agree voluntarily to dismiss the Oregon suit with prejudice. The Federal Circuit has stated that "there is a strong public interest in settlement of patent litigation and that upholding the terms of a settlement encourages patent owners to agree to settlements—thus fostering judicial economy. . . . Settlement agreements must be enforced if they are to remain effective as a means for resolving legal disagreements." *Flex–Foot,* 238 F.3d at 1369–70. The machine which Versa in the present suit claims infringes its '713 patent is exactly the same machine it accused of infringement in the Oregon suit. Versa could have tried the merits of its infringement claims in the Oregon suit, but chose instead to settle without expressly reserving to itself the right to relitigate the infringement issue. Consequently, the dismissal with prejudice in the Oregon suit precludes Versa from again litigating in this case the HFC machines' alleged infringement of the '713 patent. *See Hallco Mfg. Co. v. Foster,* 256 F.3d at 1297–98 (applying principles from *Foster v. Hallco Mfg. Co.,* 947 F.2d at 483).

■ *Breach of Contract.* In addition to its infringement claims, Versa also contends that Ag–Bag's leases to Cochran and Kool breached the settlement agreement.

Ag–Bag promised in the "non-infringement covenant" of paragraph two of the settlement agreement not to "make, use, sell, offer to sell or lease bagging machines which are covered by one or more claims of the '713 or '612 patents." Ag–Bag now claims, however, that its leases did not breach this term because 1) the HFC machine is not "covered" by the '713 patent because it does not infringe the '713 patent, and 2) even if the HFC machines are

covered by the '713 patent, the settlement agreement created an implied license to use the machines in existence at the time of the agreement.

According to Ag–Bag, the court must determine whether the HFC machine is "covered by the '713 patent" before it can determine whether Ag–Bag's leases breached the settlement agreement. This contention is absurd. Ag–Bag has identified no other HFC machines that might be "covered" by the '713 patent other than those that were the subject of the Oregon infringement suit. The parties agree that the HFC machine which Ag–Bag leased to Kool and Cochran was among the twelve in existence at the time the parties entered into the settlement agreement. These twelve machines were the ones accused of infringement in the Oregon suit. Moreover, unless the "bagging machines" mentioned in paragraph two of the settlement agreement refer to the HFC machines, Ag–Bag's res judicata arguments are meaningless. As discussed above, the machines in the Oregon suit must be the very same machines as those in the present suit in order for the doctrine of claim preclusion to apply.

■ The fourth paragraph of the settlement agreement released Ag–Bag from any claim for liability for infringement of the '713 patent. Without offering any supporting authority, Ag–Bag claims this release grants Ag–Bag and its customers an implied license to use the HFC machines existing when the parties signed the agreement. Such an assertion contradicts the express terms of the agreement. In paragraph two, Ag–Bag agreed to forgo not only leasing bagging machines covered by one or more claims of the '713 patent but also *using*, selling, or offering to sell them. The parties expressly agreed that Ag–Bag would be precluded from leasing any HFC machines. Given this express provision, I

will not read into the settlement agreement an implied license for Ag–Bag to use the machines as it saw fit.

## V. Conclusion

I find that under the doctrine of claim preclusion, Versa's present suit for infringement is barred by the parties' prior settlement agreement in the Oregon suit and the Oregon district court's dismissal with prejudice of Versa's infringement claim. The dismissal with prejudice was a final judgment on the merits. The Oregon case and this one both involve the same cause of action, the same parties, and even exactly the same allegedly infringing device. Under the doctrine of claim preclusion, Ag–Bag is thus entitled to summary judgment on its res judicata theory.

I find, however, that because Ag–Bag has breached the settlement agreement by leasing a machine subject to the settlement agreement, Versa is entitled to summary judgment as a matter of law on its breach of contract theory.

Finally, because I find that Ag–Bag breached the settlement agreement, I need not reach the issue of whether Ag–Bag's HFC machines actually infringed the '713 patent. Both Ag–Bag and Versa's motions for summary judgment on the infringement issue are therefore denied as moot. The only issue remaining to be resolved by the jury is the plaintiff's measure of damages. Accordingly,

IT IS ORDERED:

1. Versa's motion for summary judgment, Filing No. 36, is granted as to its breach of contract theory and denied on all other grounds.

2. Ag–Bag's motion for summary judgment, Filing No. 41, is granted as to

its res judicata theory and denied on all other grounds.