**HEINZ KETTLER GMBH & CO., KG and Kettler International, Inc., Plaintiffs,**

v.

**The LITTLE TIKES COMPANY, INC., and MGA Entertainment, Inc., Defendants.**

**Civil Action No. 2:09cv500.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 14, 2010.

John C. Lynch and Ethan G. Ostroff, Troutman Sanders LLP, Virginia Beach, VA, for Plaintiffs.

Edward A. Pennington and Sid V. Pandit, Hanify & King, PC, Washington, DC, for Defendants.

### ORDER

ROBERT G. DOUMAR, District Judge.

This matter comes before the Court on the Motion to Dismiss for Failure to State a Claim brought by Defendants The Little Tikes Company, Inc. and MGA Entertainment, Inc. ("Defendants") pursuant to Rule 12(b)(6), Fed.R.Civ.P. The underlying Complaint filed by Plaintiffs Heinz Kettler GMBH & Co., KG and Kettler International, Inc. ("Plaintiffs") asserts a claim of

patent infringement against the Defendants. In their Motion, the Defendants argue that the claims in Plaintiffs' Complaint are barred by the claim preclusion arm of the doctrine of *res judicata* and under an implied license to practice the patents by virtue of legal estoppel.

For the reasons contained below, the Court **DENIES** the Motion to Dismiss brought by the Defendants and **ORDERS** the Defendants to file an answer to the Complaint by Monday, January 25, 2010 at twelve noon. However, the Court finds, as a matter of law, that the doctrine of *res judicata* precludes any relitigation over only the conduct of the Defendants that occurred prior to July 1, 2008 with respect only to the particular tricycle known as Ofrat Model No. 129H.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The action presently before this Court arises from a prior dispute ("the Rand Case") filed in the Eastern District of Virginia, Alexandria Division, that was litigated and resulted in a consent order of dismissal with prejudice of the Plaintiffs' claims against Defendant The Little Tikes Company, Inc. ("Little Tikes") relating to Ofrat Model No. 129H. *See Heinz Kettler GmbH & Co., KG., et al. v. Rand International, LLC, et al.,* Case No. 1:08cv679 (E.D.Va.).

On July 1, 2008, the Plaintiffs filed a complaint ("Rand Complaint") in this Court against Little Tikes and Rand International, LLC ("Rand"). The Rand Complaint alleged that Rand imported and sold certain tricycles manufactured by Ofrat, including Ofrat Model No. 129H, that infringed Plaintiffs' U.S. Patent No. 7,156,-408 ("the '408 Patent") and U.S. Patent No. 6,799,772 ("the '772 Patent"). (Pl.'s Mem. Opp. at 2.)

During the discovery process and settlement discussions between the parties in the Rand Case, counsel for Little Tikes served answers to interrogatories and represented through numerous other communications that Little Tikes did not manufacture, sell, use, or import products that infringed the Plaintiffs' patents. For example, answers to interrogatories filed on February 19, 2009 asserted unequivocally:

> Response to Interrogatory No. 1: Little Tikes has no knowledge about the design and manufacture of the accused devices. Because Little Tikes's involvement is limited to a licensing agreement with Rand, no individuals from Little Tikes have any knowledge of the design, manufacture, sales or marketing of the Accused Products.

> Response to Interrogatory No. 9: Little Tikes does not sell, manufacture or distribute any tricycles.

(Pl.'s Mem. Opp. Ex. 2.) These representations made by counsel for Little Tikes were not limited to the formal discovery process. Indeed, such assertions were made in numerous electronic mail communications with the Plaintiffs' counsel and continued to be put forth as late as April 9, 2009. The Court highlights some of the more pertinent communications made by Little Tikes' counsel to Plaintiffs' counsel:

> As a heads up, Little Tikes does not sell, make or use, or import the products. They merely license the use of their trademark to Rand, who purchases the products from Ofrat in Israel. (February 17,2009)

> [D]id you know that Little Tikes does not make or sell or use or import anything, and that they only license the name? (February 19, 2009)

> [Little Tikes has] never sold, offered to sell, imported, made, etc. any of the accused devices.... *On my assurances to you,* and based on the discovery we

gave, Little Tikes doesn't seem to be implicated in any way on the Ofrat-made products; can you make this settlement with prejudice with respect to Little Tikes....

(April 9, 2009)

(Pl. Mem. Opp. Ex. 1.)(emphasis added). Plaintiffs' counsel relied on the numerous representations that Little Tikes was only the trademark licensor with respect to Ofrat Model No. 129H, and as such, agreed on April 14, 2009 to dismiss the claims against Little Tikes for Ofrat Model No. 129H with prejudice. (*See* Pl.'s Mem. Opp. Ex. 1E ("[Plaintiffs' counsel] will prepare an Order dismissing ... [Plaintiffs'] claims against Little Tikes WITH PREJUDICE only as to those tricycles currently manufactured by Ofrat, imported by Rand, and for which Little Tikes licenses its trademark for branding purposes.").)

Unfortunately for the Plaintiffs, after they had dismissed the Rand Complaint, they discovered that Little Tikes was, contrary to its answers to interrogatories filed in the Rand Case, manufacturing, importing and selling the allegedly infringing tricycle. (*See* Pl.'s Mem. Opp. at 5.) Little Tikes now concedes that it is, and apparently was during the prior Rand Case, manufacturing, importing, and selling an infringing Ofrat-made tricycle. (*See* Def.'s Mem. Supp. Mot. to Dismiss at 7) ("Little Tikes ... relied on Plaintiffs' implied license by *continuing to manufacture* products which employ the exact same [patented] technology ...." (emphasis added)). Accordingly, on October 8, 2009, the Plaintiffs filed the instant **suit** against Little Tikes and its parent company, MGA Entertainment, Inc. ("MGA"). The Complaint in this case alleges that Little Tikes copied the vehicle steering head, limited turn system and/or turning lock system patented by the Plaintiffs and used it in a number of tricycles, including Little Tikes

Product No. 615221. (Compl. ¶ 14.) The Complaint further alleges that MGA manufactured, imported, and sold the infringing tricycles as a distributor of Little Tikes tricycles. (Compl. ¶ 16.)

In response to the Complaint, the Defendants filed the instant Motion to Dismiss, asserting that the Complaint is barred by the doctrines of *res judicata* and implied license, (Def.'s Mem. Supp. Mot. to Dismiss at 1.) Specifically, the Defendants argue that the claim in the instant action is based on the same cause of action presented in the Rand Case, and since that cause of action against the Defendants was dismissed with prejudice, *res judicata* bars a "patentee from relitigating infringement where a second accused device is essentially the same as the device in the first suit, or if any differences between them are merely colorable." *Nystrom v. Trex Company, Inc.*, 553 F.Supp.2d 628, 631–32 (E.D.Va.2008) (citing *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed.Cir. 2001)). The Defendant asserts that there is no new cause of action because the only differences between the accused product in the Rand Case (Ofrat Model No. 129H) and the accused product in the instant action (Little Tikes Product No. 615221) are purely cosmetic rather than functional.

Further, the Defendants argue that the Plaintiffs, "through statements and conduct," granted the Defendants an implied license to make, use, or sell Ofrat Model No. 129H when they agreed to dismiss the Rand Case with prejudice against Little Tikes, and are thus legally estopped from asserting any patent infringement resulting from conduct taken pursuant to the implied license. (Def.'s Mem. Supp. Mot. to Dismiss at 7–8.)

The parties have completed briefing on this Motion to Dismiss and a hearing was conducted on January 13, 2010, and therefore, the matter is now ripe for decision.

## II. ANALYSIS

██ As the foregoing facts emerged from the briefing and hearing conducted in the case, it became clear to this Court that the Defendants' Motion to Dismiss on the basis of *res judicata* was improper.

It is clear from the face of the Complaint that the Plaintiffs' exempted any claims in the instant action against the Defendants with respect to the Ofrat Model No. 129H. (*See* Compl. ¶ 19 ("On June 9, 2009, the Rand Case was resolved by entry of a final Order dismissing [Plaintiffs'] claims against Little Tikes with respect only to the Ofrat Model No. 129H tricycle.")). As revealed by the interrogatories filed in the Rand Case by the Defendants' counsel and additional electronic communications between the parties, the Order dismissing Little Tikes was with regard only to Little Tikes' capacity as a trademark licensor of Ofrat Model No. 129H. Importantly, the instant Complaint alleges that the infringing tricycle that the Defendants are manufacturing, importing, and selling is Little Tikes Product No. 615221, not Ofrat Model No. 129H. Therefore, the Defendants' assertion of *res judicata* with regard to Ofrat Model No. 129H was unnecessary, and therefore, improper. Moreover, it did not decide the patent claim itself, as it only pertained to the sale, manufacture, or distribution of Ofrat Model No. 129H prior to the filing of that original suit.

Further, from information learned through the course of briefings and through the parties' admissions made during the course of the hearing held on January 13, 2010, it appears to the Court that the answers to the interrogatories—made by the Defendants' counsel—which indicated that Little Tikes did *not* "sell, make or use, or import" tricycles represented, at best, misinformation. However, in taking judicial notice of the previous Rand Case and in order to give the Defendants' counsel as much leeway as possible—since they filed the interrogatory answers indicating that Little Tikes did not manufacture, sell, or distribute the tricycles when it now seems from their counsel's admissions that they did—this Court will assume that Little Tikes did not sell, make or use, or import the tricycle known as Ofrat Model No. 129H prior to the filing of the Rand Case, the original suit, on July 1, 2008.

Therefore, in the interests of justice, this Court finds that the only matter settled in the Rand Case that could provide any basis for a claim of *res judicata* in the present matter is the conduct of Little Tikes that took place prior to July 1, 2008, the filing date of the Rand Complaint and with regard only to Ofrat Model No. 129H. To that extent, with respect to Ofrat Model No. 129H, the Court limits the instant case to conduct that occurred subsequent to July 1, 2008; with respect to any other tricycle models, including Little Tikes Product No. 615221, the Court does not limit the instant case.

## III. CONCLUSION

Because the Plaintiffs' Complaint sets forth in Paragraph 19 the prior suit, the Court excludes any claim against the Defendants with respect to Little Tikes' involvement in the tricycle known as Ofrat Model No. 129H prior to July 1, 2008, the date the prior suit was filed. Further, the Defendants' Motion to Dismiss for Failure to State a Claim is unnecessary and, therefore, **DENIED**. However, the Court limits any claims in the instant case involving the manufacture, sale, or distribution of Ofrat Model No. 129H to such conduct that occurred subsequent to July 1, 2008, the date of the filing of the prior suit. The claims regarding any other tricycles is not so limited. Finally, as it is obvious to the Court that both the instant Complaint and

the dealings of the parties in the Rand Case render the Defendants' Motion to Dismiss improper, the Court will award the Plaintiffs' their reasonable fees and costs in answering the totally unnecessary Motion to Dismiss as a sanction against the Defendants since they were responsible for the misinformation and the Motion. The Plaintiffs are **DIRECTED** to submit their reasonable expenses within seven (7) days of the date hereof to the Court, with a copy sent to opposing counsel. The Court will afford the Defendants an opportunity to contest the reasonableness of the costs and fees attributed to this Motion.

The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**