NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CHIKEZIE OTTAH,**
*Plaintiff-Appellant*

**v.**

**VERIFONE SYSTEM INC.,**
*Defendant-Appellee*

_____

2023-1219

_____

Appeal from the United States District Court for the Southern District of New York in No. 1:21-cv-09645-AT-GWG, Judge Analisa Torres.

_____

Decided: October 18, 2023

_____

CHIKEZIE OTTAH, Elmont, NY, pro se.

CAROLYN CHANG, Marton Ribera Schumann & Chang LLP, San Francisco, CA, for defendant-appellee.

_____

Before REYNA, HUGHES, and STARK, *Circuit Judges.*

PER CURIAM.

Chikezie Ottah appeals a decision from the United States District Court for the Southern District of New York dismissing his patent infringement claim as barred by claim preclusion.  For the following reasons, we affirm.

I

Mr. Ottah is the inventor and owner of U.S. Patent No. 7,152,840 ("'840 patent"), titled "Book Holder," which is directed to "a removable book holder assembly for use by a person in a protective or mobile structure such as a car seat, wheelchair, walker, or stroller." '840 patent at 1:6-9. On September 2, 2011, Mr. Ottah filed suit in the Southern District of New York against VeriFone Systems, Inc. ("Verifone"), alleging that Verifone's mounts for electronic display screens used in New York City taxi cabs infringed the '840 patent.  The district court granted summary judgment of non-infringement as to literal infringement and infringement under the doctrine of equivalents. *See Ottah v. VeriFone Sys., Inc.*, No. 1:11-cv-06187, 2012 WL 4841755, at *2-4 (S.D.N.Y. Oct. 10, 2012) ("2012 decision").  Mr. Ottah appealed the 2012 decision and we affirmed. *See Ottah v. VeriFone Sys., Inc.*, 524 F. App'x 627, 629-30 (Fed. Cir. 2013).

Eight years later, on November 22, 2021, Mr. Ottah filed a new suit against Verifone, again in the Southern District of New York and again alleging infringement of the '840 patent by Verifone's mounts used in New York City taxi cabs.  Verifone filed a motion to dismiss based on the doctrine of claim preclusion.  On July 11, 2022, the district court granted the motion to dismiss. *See Ottah v. Verifone Sys. Inc.*, No. 1:21-cv-09645, 2022 WL 3031119, at *1 (S.D.N.Y. July 11, 2022).

Mr. Ottah timely appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

II

We review a district court's grant of a motion to dismiss under the standards applicable in the regional circuit in

which the district court is located, which here is the Second Circuit. *See In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1374 (Fed. Cir. 2020). A dismissal order based on claim preclusion is reviewed de novo. *See Simmons v. Trans Express, Inc.*, 16 F.4th 357, 360 (2d Cir. 2021); *accord Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001).[1] Claim preclusion bars a cause of action when (1) a prior suit resulted in a judgment on the merits, (2) the second suit involves the same parties as the prior suit or parties in privity with them, and (3) the second suit is "based on the same cause of action" as the prior suit. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979); *see also Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017).

Determining whether multiple causes of action for patent infringement are the same is an issue "particular to patent law" that we analyze under Federal Circuit law. *Hallco*, 256 F.3d at 1294. For patent infringement cases, causes of action are the same if the accused products are "essentially the same" and "the same patents are involved in both suits." *PersonalWeb*, 961 F.3d at 1375.

### III

The district court correctly concluded that the requirements for application of claim preclusion are satisfied here. Both lawsuits involved the same parties: Mr. Ottah and Verifone. The district court's 2012 decision granting summary judgment of non-infringement is a "judgment on the merits" – it addressed all arguments made by the parties, including by concluding that Mr. Ottah had failed to

---

[1]   Our precedent applies the law of the regional circuit to the general principles of claim preclusion and Federal Circuit law to the patent-specific portions of claim preclusion (*i.e.,* whether patent infringement causes of action are the same). *See Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008).

adduce sufficient evidence to sustain a judgment of infringement, and closed the case. *See* 2012 decision at \*4 ("Accordingly, the VeriFone mounts do not infringe the '840 patent and summary judgment is granted."). Both lawsuits also involve the same cause of action since both allege infringement of the '840 patent by the same taxi display mount product. *Compare* Appellee Appx. 29 (2021 complaint), *with* Appellee Appx. 149 (2011 complaint). Since Mr. Ottah's later-filed suit involves the same parties, asserts the same cause of action, and follows a final judgment on that cause of action, we agree with the district court that claim preclusion bars adjudication of Mr. Ottah's 2021 lawsuit.

Even if Mr. Ottah raised new arguments or infringement theories in his 2021 complaint, an issue we need not – and do not – decide, he was still barred from bringing a second claim alleging infringement of the same patent accusing the same product. *See PersonalWeb*, 961 F.3d at 1375 ("Regardless of the number of substantive theories available . . . a party may not split a single claim into separate grounds of recovery and raise those separate grounds in successive lawsuits."). Therefore, any new arguments or theories, even if Mr. Ottah asserted them, do not provide a meritorious basis to avoid application of claim preclusion.

For the foregoing reasons, the district court properly concluded that Mr. Ottah's cause of action was barred by claim preclusion.

## IV

The district court's dismissal of Mr. Ottah's complaint is affirmed.

### AFFIRMED

COSTS

No costs.