NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————————

**LARRY GOLDEN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

—————————————

2024-2256

—————————————

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00811-EGB, Senior Judge Eric G. Bruggink.

—————————————

Decided: March 24, 2025

—————————————

LARRY GOLDEN, Greenville, SC, pro se.

GRANT DREWS JOHNSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by SCOTT DAVID BOLDEN, BRIAN M. BOYNTON, CONRAD JOSEPH DEWITTE, JR.

—————————————

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and BARNETT, *Judge*. [1]

PER CURIAM.

Larry Golden appeals from a decision by the United States Court of Federal Claims (Claims Court), which dismissed his patent infringement claims against the United States (government) and denied his motion for disqualification. *See Golden v. United States*, 171 Fed. Cl. 33 (2024) (*Order*). For the following reasons, we *affirm*.

## BACKGROUND

Mr. Golden "owns a family of patents concerning a system for locking, unlocking, or disabling a lock upon the detection of chemical, radiological, and biological hazards." *Golden v. United States*, No. 2022-1196, 2022 WL 4103287, at *1 (Fed. Cir. Sept. 8, 2022) (per curiam) (*Golden I*). At issue are three patents in that family, U.S. Patent Nos. 10,163,287 ('287 patent), 9,589,439 ('439 patent), and 9,096,189 ('189 patent).

Mr. Golden first brought suit against the government under 28 U.S.C § 1498 in May 2013, "alleging that the Department of Homeland Security infringed his patents by soliciting proposals for the development of cellular devices through its 'Cell-All' initiative." *Golden I*, 2022 WL 4103287, at *1. He alleged that certain cellular devices manufactured by Apple, Samsung, and LG for the Cell-All initiative infringed his patents. In 2021, following a series of amended complaints, the Claims Court dismissed Mr. Golden's complaint with prejudice for "fail[ing] to correct . . . previously-identified deficiencies" in his infringement contentions. *Id.* We affirmed.

---

[1]    Honorable Mark A. Barnett, Chief Judge, United States Court of International Trade, sitting by designation.

Mr. Golden then brought the present suit against the government in May 2023, once again alleging patent infringement under 28 U.S.C. § 1498.[2] SAppx. 1100–01.[3] He asserted three of the same patents that he already asserted in *Golden I*, and again alleged that certain cellular devices of various manufacturers infringed his patents. But this time, his complaint focused on a different governmental program and on different devices. He also filed a motion to disqualify the Claims Court judge.

The Claims Court dismissed Mr. Golden's complaint for failure to state a claim based on claim preclusion and the *Kessler* doctrine. *Order*, 171 Fed. Cl. at 36–37. It also denied Mr. Golden's motion to disqualify. *Id.* at 35, 37.

## DISCUSSION

We review de novo a decision to dismiss a complaint for failure to state a claim under Rule 12(b)(6) of the United States Court of Federal Claims. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012). We review a denial of a motion to disqualify for abuse of discretion. *See Shell Oil Co. v. United States*, 672 F.3d 1283, 1288 (Fed. Cir. 2012).

Mr. Golden timely appeals both the dismissal of his complaint and the denial of his motion to disqualify. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[2]    Between *Golden I* and the present suit, Mr. Golden brought two other suits, not at issue here. *See Order*, 171 Fed. Cl. at 34 & n.2.

[3]    "SAppx." refers to the supplemental appendix filed with the government's informal response brief.

I

Mr. Golden first contends that his present suit is not precluded. We disagree.

"Generally, claim preclusion applies where: (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *First Mortg. Corp. v. United States*, 961 F.3d 1331, 1338 (Fed. Cir. 2020) (cleaned up). It "bars both claims that were brought as well as those that could have been brought." *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014) (emphasis omitted).

Mr. Golden does not dispute that *Golden I* involved the same parties as here—himself and the government. *See* 2022 WL 4103287, at *1. Nor does Mr. Golden challenge that *Golden I*'s dismissal with prejudice operated as a final judgment on the merits. *See Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001) ("[A] dismissal with prejudice . . . is a judgment on the merits."). Mr. Golden does, however, seem to dispute whether his current action is based on the same set of transactional facts as *Golden I*.

In making such a determination, we have observed that "in a patent case, the alleged infringer must demonstrate that the accused product or process is 'essentially the same' as the accused product or process in the first litigation." *Brain Life,* 746 F.3d at 1053 (quoting *Nystrom v. Trex Co.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009)). Mr. Golden himself has repeatedly treated the Google devices[4] accused in the present action as "the same" as the accused devices in *Golden I.* SAppx. 1104 ¶ 17. In the present complaint,

---

[4]    Both the Claims Court's order and the government understood Mr. Golden's complaint to be accusing only Google devices. Mr. Golden does not contest that characterization on appeal.

for example, he compared certain features of the currently accused devices to analogous features in the accused devices in the earlier litigation. *Id.* at 1104 ¶ 17, 1120–27. As a result of that comparison, he asserted that the "alleged infringing products" "all have virtually identical elements." *Id.* at 1104 ¶ 17. On appeal, Mr. Golden does not provide an explanation for how or why the accused Google devices differ from the accused devices in *Golden I.* We accordingly agree with the Claims Court that claim preclusion bars Mr. Golden's allegations of infringement based on Google devices, to the extent that those infringing actions predated the *Golden I* judgment.

Mr. Golden seems to contend that claim preclusion cannot apply because some of his patents were granted after the *Golden I* judgment. But these newly-issued patents which Mr. Golden refers to—U.S. Patent Nos. 10,984,619 and 11,645,898—are not the basis of his complaint. His complaint in the present suit asserted only the '287 patent, the '439 patent, and the '189 patent, *see* SAppx. 1101, all of which were asserted in *Golden I, see* SAppx. 1135.

Mr. Golden also suggests that claim preclusion cannot apply because we previously vacated the dismissal of his complaint in a different case. *See Golden v. Apple*, No. 2022-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022) (per curiam). But in that case, we merely found that some of Mr. Golden's allegations in his complaint were "not facially frivolous." *Id.* That his allegations in a prior case passed muster under Rule 12(b)(6) says nothing about whether his present allegations are barred under claim preclusion. We therefore agree with the Claims Court that claim preclusion bars Mr. Golden's claim to the extent it alleges infringement occurring prior to the *Golden I* judgment.

That still leaves open Mr. Golden's infringement allegations against products made or sold after the date of the *Golden I* judgment. And although "claim preclusion do[es]

not apply when a patentee accuses new acts of infringement, i.e., post-final judgment, in a second suit," "[t]here exists a separate and distinct doctrine, known as the *Kessler* Doctrine, that precludes some claims that are not otherwise barred by claim or issue preclusion." *Brain Life*, 746 F.3d. at 1055–56. When accused devices in an earlier suit are "essentially the same" as devices in the present suit, but the alleged infringement postdates that of the earlier suit, the *Kessler* doctrine bars a patentee from asserting the same patents against the currently accused devices. *See Wis. Alumni Rsch. Found. v. Apple Inc.*, 112 F.4th 1364, 1384–85 (Fed. Cir. 2024) ("[W]hen the devices in the first and second suits are 'essentially the same,' the 'new' product(s) also acquires the status of a noninfringing device vis-à-vis the same accusing party or its privies." (quoting *Brain Life*, 746 F.3d at 1057)). Mr. Golden himself, as explained above, alleged that all the accused devices "all have virtually identical elements." SAppx. 1104 ¶ 17. He offers no explanation, either in his filings at the Claims Court or in his opening brief, as to how the post-*Golden I*-judgment accused devices differ from the devices at issue in *Golden I*.

The Claims Court therefore correctly dismissed Mr. Golden's complaint.

## II

We next address Mr. Golden's motion for disqualification. Mr. Golden contends that the Claims Court judge should have recused himself because of "racial bias and bias in favor of the Government." Appellant's Informal Reply Br. 12. Yet aside from that conclusory contention, Mr. Golden has offered no explanation or evidence of any bias. *See Charron v. United States*, 200 F.3d 785, 788 (Fed. Cir. 1999). Moreover, to the extent that Mr. Golden thinks that past adverse rulings by the Claims Court evinces bias, we have previously observed that "judicial rulings almost never constitute a valid basis for a bias or partiality

motion." *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1126 (Fed. Cir. 2003) (citation omitted). The Claims Court judge accordingly did not abuse his discretion by denying the motion.

### CONCLUSION

We have considered Mr. Golden's remaining arguments and find them unpersuasive. We therefore *affirm*.

### AFFIRMED

### COSTS

No costs.