# United States Court of Appeals
# for the Federal Circuit

---

**CARDPOOL, INC.,**
*Plaintiff-Appellant*

**v.**

**PLASTIC JUNGLE, INC., NKA CARDFLO, INC.,**
*Defendant-Appellee*

---

2014-1562

---

Appeal from the United States District Court for the Northern District of California in No. 3:12-cv-04182-WHA, Judge William H. Alsup.

---

Decided: April 5, 2016

---

JASON F. HOFFMAN, Baker & Hostetler LLP, Washington, DC, argued for plaintiff-appellant. Also represented by JOHN P. MOY, EDWARD A. PENNINGTON, SEAN PHELAN, Smith Gambrell & Russell, LLP, Washington, DC; JAMES S. MCDONALD, Blackhawk Network, Pleasanton, CA.

MARC BELLOLI, Feinberg Day Alberti & Thompson LLP, Menlo Park, CA, argued for defendant-appellee. Also represented by JEREMIAH A. ARMSTRONG, NICKOLAS BOHL, ELIZABETH DAY; THOMAS RICHARD BURNS, JR., Adduci, Mastriani & Schaumberg, LLP, Washington, DC.

---

Before NEWMAN, REYNA, and WALLACH, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Cardpool, Inc., appeals the ruling of the United States District Court for the Northern District of California, denying the joint motion of Cardpool and Plastic Jungle, Inc. to vacate the district court's judgment[1] of patent invalidity insofar as the judgment was with prejudice.[2] The parties' stated reason for the requested vacatur was that all of the Cardpool patent claims had been replaced on reexamination, and that Plastic Jungle (now operating as CardFlo, Inc.) was no longer conducting the accused infringing activities. *Cardpool* Dist. Dk. 89 at 2 (May 13, 2014) ("it is CardFlo's representation that it is no longer in the business of computer-implemented, online gift card exchange . . . . As a result, Plaintiff believes this case is no longer viable or necessary at this time."). We *affirm* the district court's denial of vacatur, because the denial is within the district court's discretion and also because the premise of the motion is both speculative and inaccurate: the district court's final judgment as to an original group of claims does not automatically render that judgment res judicata as to new claims granted upon reexamination.

BACKGROUND

Cardpool sued Plastic Jungle for infringement of U.S. Patent No. 7,494,048 entitled "System and Method for Brand Name Gift Card Exchange" (the '048 patent). Plastic Jungle's defenses were that the claims in suit are

---

[1]    *Cardpool, Inc., v. Plastic Jungle, Inc.,* No. 3:12-cv-04182-WHA, 2013 WL 245026 (N.D. Cal. Jan. 22, 2013) (finding invalidity under section 101).

[2]    *Cardpool, Inc., v. Plastic Jungle, Inc.,* No. 3:12-cv-04182-WHA, Supplemental Joint Case Management Statement, Dk. 89 (N.D. Cal. May 13, 2014). In the remainder of this opinion, district court documents will be cited as: *Cardpool* Dist. Dk. [##] at [page] (filing date).

invalid on the ground of obviousness, 35 U.S.C. § 103 (2006), and that the claimed subject matter is patent-ineligible under 35 U.S.C. § 101. The district court agreed as to ineligibility under section 101, and on this ground the court granted Plastic Jungle's motion to dismiss the suit with prejudice under Federal Rule 12(b)(6) for failure to state a claim on which relief can be granted. Cardpool appealed to the Federal Circuit on February 12, 2013.

Before that appeal was decided, in June 2013 Cardpool filed a request for ex parte reexamination in accordance with 35 U.S.C. § 304. For reexamination, Cardpool presented both amended and additional claims, in accordance with 37 C.F.R. § 1.510(e) (2013), alongside certain claims that stood unamended. Cardpool provided the Patent and Trademark Office (PTO) with the invalidity contentions made by Plastic Jungle before the district court, along with a copy of the foreign prior art Plastic Jungle cited. Reexamination was ordered by the PTO.

Before reexamination was completed, on January 30, 2014 the Federal Circuit affirmed without opinion under Federal Circuit Rule 36 the district court's judgment of ineligibility under section 101. *Cardpool, Inc. v. Plastic Jungle, Inc.*, 552 F. App'x 979 (Fed. Cir. 2014). On February 6, 2014, the PTO issued a notice of intent to issue an ex parte reexamination certificate. The Ex Parte Reexamination Certificate was issued on February 27, 2014, holding amended claims 1, 2–7, and 9–11, and new claims 12–52, patentable under section 103. *See* 37 C.F.R. § 1.552 (section 101 eligibility is not considered on reexamination).

Cardpool then filed a petition for rehearing of the Federal Circuit's decision of January 30, 2014, asking this court to vacate our affirmance of the district court decision of section 101 ineligibility because the claims that were the subject of that decision no longer existed. Cardpool stated:

> Because the District Court's decision dismissing the case under Rule 12(b)(6) as not claiming statutory subject matter under 35 U.S.C. § 101 was based on the original Asserted Claims that no longer exist and have been superseded by the amended Asserted Claims, the District Court decision is moot and must be vacated. Not doing so would create the improper ruling that an intervening final PTO decision is *not* controlling of a still pending District Court case—directly in conflict with Federal Circuit precedent. Accordingly, this petition should be granted to allow rehearing consistent with Federal Circuit precedent.

Pet. for Reh'g, No. 2013-1227, ECF No. 53 at 2-3 (Feb. 28, 2014).

Plastic Jungle, in response to the request for rehearing, argued to this court that "the entire case is moot" because the reexamination "substantially changed" the claims at issue, requiring that "the prior rulings must be vacated and the case dismissed." Response to Petition for Panel Rehearing, Appeal No. 2013–1227 Dk. 58 at 2. Cardpool replied that, while the district court's decision of section 101 unpatentability had been rendered "moot" by the reexamination, the underlying cause of action was not moot because infringement might be renewed by Plastic Jungle or a successor to Plastic Jungle. Reply, Appeal No. 2013–1227 Dk. 60 at 3–5. Cardpool stated that the validity of the reexamined claims had not been evaluated by any court, and asked that the district court decision of invalidity be vacated as moot.

The Federal Circuit then granted rehearing, vacated its summary affirmance of section 101 invalidity, and remanded to the district court "to determine what actions, if any, are appropriate in light of the reexamined claims." *Cardpool, Inc. v. Plastic Jungle, Inc.*, 564 F. App'x 582, 583 (Fed. Cir. 2014). However, the Federal Circuit declined to vacate the district court's invalidity

judgment of January 22, 2013, stating that "it would not be appropriate in this context to vacate the district court's judgment because Cardpool, the losing party below, caused the change in circumstances." *Id.*

On return to the district court, Cardpool and Plastic Jungle jointly moved the district court to vacate its prior judgment so that the parties could move for a voluntary dismissal without prejudice under Rule 41(a)(1)(A)(ii). *Cardpool* Dist. Dk. 89 at 3 (May 13, 2014). The joint motion stated:

> Once the Court vacates its order, the parties have stipulated to a voluntary dismissal without prejudice under Rule 41(a)(1)(A)(ii) . . . . Because all of the Asserted Claims were amended during reexamination or depend from an amended claim— and because the Court's Rule 12(b)(6) dismissal was entirely based on the unamended Asserted Claims, the parties agree that the Court's earlier decision should be vacated without need for the Court or the parties to expend additional resources briefing the matter.

*Id.* The parties jointly stated that Plastic Jungle was no longer in the business of computer-implemented online gift card exchange, that Cardpool questioned Plastic Jungle's solvency, and that Cardpool did not believe the case was viable or necessary at that time. *Id.* at 2. The parties also jointly stated that:

> The parties are not seeking to vacate the Court's Order finding the unamended claims invalid . . . . Rather, the parties request that the Court vacate the judgment because the prior Order no longer applies because the claims on which that Order was based are now different.

*Cardpool* Dist. Dk. 92 at 1 (May 29, 2014). The joint motion was signed by Brian E. Mitchell, counsel of record

for Cardpool, and Marc Belloli, counsel of record for Plastic Jungle.

Cardpool filed a separate brief to the district court, stating that while the basis for the district court's prior invalidity judgment was mooted by the changed claims on reexamination, the "entire case" is not moot because it might become necessary in the future to enforce the reexamined patent against Plastic Jungle (or a successor), should infringing activity reoccur. *Cardpool* Dist. Dk. 93 at 3–5 (May 29, 2014). Cardpool asked the district court to "either (1) vacate its dismissal with prejudice to allow the parties to dismiss without prejudice; or (2) vacate the dismissal to the extent that it was with prejudice and dismiss this case without prejudice." *Id.* at 7 (emphasis removed).

Cardpool told the district court that the case was not "settled"—although the district court had so stated—and argued that vacatur of "with prejudice" was appropriate because the "final PTO judgment" on reexamination was issued before "the appellate mandate that would have finalized the interim district court decision," citing the authority of *Fresenius USA, Inc. v. Baxter Int'l, Inc.,* 721 F.3d 1330, 1346 (Fed. Cir. 2013), in which this court held that "the statute requires that a final PTO decision affirmed by this court be given effect in pending infringement cases that are not yet final," and is not affected by a subsequent final court ruling contrary to the PTO ruling. *Cardpool* Dist. Dk. 93 at 1–2 (May 29, 2014).

Cardpool told the district court that if the "with prejudice" quality of the judgment of invalidity of the original claims were not vacated, Cardpool may lose the right to "file a new case at any time against Plastic Jungle asserting the reexamined claims." *Id.* at 4.

The district court declined the requested vacatur, stating that *Fresenius* was distinguishable in that no Article III court had reviewed the Cardpool reexamined claims. *Cardpool* Dist. Dk. 94 at 7 (May 30, 2014). "Just

because a PTO examiner allowed the amended claims does not mean the reexamination certificate can displace a district court judgment following a contested motion to dismiss . . . . The judgment (and order) are a part of the history of the asserted patent and cannot be removed by some joint request for vacatur." *Id.* "Since the mootness was due to a voluntary act by Cardpool (the losing party), vacating the final judgment is not appropriate." *Id.* at 8. "This order finds that it would be against the public interest for Cardpool (the losing party) to displace our final judgment by simply commencing an *ex parte* agency reexamination and amending its invalid claims." *Id.* at 9.

Cardpool again appeals, stating that the "district court position [is] incorrect in this case," citing this court's prior decision on the matter. Cardpool Br. 12. Cardpool asks this court to vacate the district court's "with prejudice" judgment of unpatentability, stating that the parties had agreed and jointly moved for vacatur of the final judgment dismissing the case with prejudice and further argues that the "with prejudice" aspect of the district court's ruling is "superfluous" for the claims that had been before the district court no longer exist. *Id.* at 7, 9. Cardpool states that while "the appeal of the unpatentability finding had become moot [] the civil case was certainly still alive [although] it became financially unattractive from a business standpoint . . . ." *Id.* at 15. Plastic Jungle now opposes the requested vacatur, despite having joined in the motion for vacatur. *See generally* Plastic Jungle Br.

DISCUSSION

### *Standard of review*

A district court's denial of a motion to vacate its judgment, Fed. R. Civ. P. 60(b), is reviewed on the procedural standards of the regional circuit, while any aspects of the motion that are unique to patent law are reviewed in accordance with Federal Circuit law. *Univ. of W. Va. Bd. of Trs. v. VanVoorhies*, 342 F.3d 1290, 1294 (Fed. Cir.

2003); *Lazare Kaplan International, Inc. v. Photoscribe Technologies, Inc.*, 714 F.3d 1289 (Fed. Cir. 2013). In the Ninth Circuit, the relevant regional circuit in this appeal, a district court's denial of a Rule 60(b) motion is reviewed for abuse of discretion. *United States v. Asarco Inc.*, 430 F.3d 972, 978 (9th Cir. 2005). In reviewing discretionary rulings, the Ninth Circuit determines whether the district court applied an incorrect legal rule or whether the district court's application of the law to the facts was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (*en banc*) (internal quotation marks and numbering omitted) (quoting" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)).

The Supreme Court counsels that "vacatur must be decreed for those judgments whose review is . . . 'prevented through happenstance'—that is to say, where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties.'" *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)). Applying this precedent, the Ninth Circuit holds that "when an appellant renders his appeal moot by his own act, our established procedure is not to vacate the district court's decision automatically, but to remand so the district court can decide whether to vacate its judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Dilley v. Gunn*, 64 F.3d 1365, 1370–71 (9th Cir. 1995) (quoting *Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982), and stating that "*Ringsby* is wholly consistent with the 'equitable tradition of vacatur' reflected in *U.S. Bancorp*.").

The Federal Circuit conformed to this procedure in remanding to the district court, which Cardpool does not

contest. Instead, Cardpool appeals the district court's denial of vacatur "with prejudice."

### Cardpool's arguments

Cardpool argues that the entire case is not "moot," for it was not settled and there had been no ruling on the validity and infringement of the reexamined claims. Cardpool states that the case never became moot, although the district court's initial unpatentability ruling became moot because the claims that were the subject of that ruling do not exist "in the same form." Cardpool Br. 15.

Cardpool argues that in applying the Ninth Circuit equitable standards to the special circumstance of the substantial revision of patent claims upon reexamination, it would be inequitable to preserve the final judgment "with prejudice" because the subject of that judgment no longer exists. *Id.* at 22–23. Cardpool states that the judgment with prejudice could "improvidently strip patent rights from Cardpool through the res judicata effect." *Id.* at 23.

In support of this concern, Cardpool points to this court's decision in *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, holding that a settlement and resultant dismissal with prejudice was res judicata against a later suit when infringement reoccurred, although the claims were different due to reexamination. 672 F.3d 1335, 1341–42 (Fed. Cir. 2012). The *Aspex* court determined that the reexamined claims were simply "new versions" and not "materially different" from an original claim, and thus did not "create a new legal right against infringement that Aspex lacked under the original version of the patent." *Id.* at 1342. The *Aspex* court ruled that Aspex was estopped by res judicata from suing for infringement of the reexamined claims.

Cardpool argues that the district court's dismissal with prejudice, paired with the broad statements in *Aspex,*

could result in Cardpool being barred from enforcing its reexamined claims against Plastic Jungle or a successor to Plastic Jungle, should infringing activity be renewed. Cardpool Br. 24. Cardpool states that the district court did not properly exercise its discretion in declining to vacate the "with prejudice" aspect of its prior decision. *Id.* Had the district court done so, Cardpool continues, it would have eliminated debate about whether *Aspex* applied on the facts of this case. *Id.* at 24–25.

Cardpool urges that this case is distinguished from *Aspex* because the PTO's issuance of the Reexamination Certificate was an interpretation or application of federal law, and must be given retroactive effect because the infringement suit was still pending on appeal. *Id.* at 2. Cardpool argues that the district court erred in law, because "the controlling interpretation of federal law. . . must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Id.* (quoting *Harper v. Va. Dep't of Taxation,* 509 U.S. 86, 97 (1993)). The Court requires that this principle "applies with equal force where the change is made by an administrative agency acting pursuant to legislative authorization." *Thorpe v. Hous. Auth.,* 393 U.S. 268, 282 (1969).

Cardpool also criticizes the district court for "fail[ing] to consider the case under the reexamined claims." Cardpool Br. 21. Cardpool states that the district court "committed legal error in not giving full effect to the reexamined amended claims . . . and by denying the motion to vacate without reconsideration of the basis in view of the amended reexamined claims." *Id.* at 22. Cardpool stresses that it requested such review, Cardpool Br. 2, and faults the district court's statement that "[i]t is not necessary to [consider the reexamination claims] because the instant motion is to vacate an earlier final judgment." *Cardpool* Dist. Dk. 94 at 10 (May 30, 2014).

### *Plastic Jungle's argument*

The record contains the joint motion of Cardpool and Plastic Jungle, signed by both parties, requesting that "the Judgment dismissing this case with prejudice should now be vacated." *Cardpool* Dist. Dk. 92 at 2 (May 29, 2014). Nonetheless, Plastic Jungle now argues against Cardpool's request, although Cardpool requests no more than what Plastic Jungle had jointly urged. Plastic Jungle does not explain its changed position; instead, Plastic Jungle accuses Cardpool of "procedural games," and states that "any 'harm' that may result to Cardpool by virtue of res judicata is self-inflicted and not ripe for review by this Court." Plastic Jungle Br. 9–10. Cardpool replies that it "is not at fault for mooting the cause of action in any way and has consistently made all efforts to preserve its rights." Cardpool Reply 14.

Before we address the merits of Cardpool's arguments, we must reject several of Plastic Jungle's arguments as unsupported or estopped. Although the record shows Cardpool's request that the district court review the reexamined claims if disinclined to grant *vacatur*, Plastic Jungle states that Cardpool "steadfastly refused to demonstrate to the district court why its new and amended claims are valid under section 101." Plastic Jungle Br. 9–10. This statement is not readily reconciled with Cardpool's brief to the district court, which stated that "if the Court is inclined to apply its prior invalidity decision to the amended reexamined claims in justification of not vacating its dismissal, such a determination must not be done in a cursory manner but with a full opportunity of the parties to provide briefing and argument." *Cardpool* Dist. Dk. 93 at 5–6 (May 29, 2014).

We discern no error in the district court's action in declining to review the reexamined claims, for the parties jointly moved for dismissal on the ground that Plastic Jungle was no longer conducting the accused activity and that the case was moot. Plastic Jungle does not explain

how the district court would have (or could have) reviewed the new claims when there was no remaining controversy about infringement.

Plastic Jungle's other arguments are similarly unsupported. Plastic Jungle states that the district court denied the joint motion to vacate "because Cardpool failed to demonstrate that the new and amended claims substantially differed from the claims already rejected by the Court under Section 101." Plastic Jungle Br. 12. No such reason appears in the district court's opinion. What is more, Plastic Jungle criticizes as "duplicitous" Cardpool's argument of the "alleged mootness of the district court's invalidity order." *Id.* at 13. That argument contradicts Plastic Jungle's representation that because of mootness "Cardpool's lawsuit, based on now cancelled claims, must be dismissed . . . . Thus, the prior rulings must be vacated and the case dismissed." *Id.* at 2. Plastic Jungle offers no explanation of its contradictory position in which it now states that the case is not "moot" and thus vacatur is improper.

Plastic Jungle's prior statements to this court were that "the entire case was mooted," that "this cause of action is extinguished—neither party appears to dispute that," and that "all causes of action stemming from [the reexamined patent] are necessarily mooted." Response to Combined Petition for Rehearing and Hearing En Banc, Appeal No. 2013-1227 Dk. 58 at 2, 4, 6 (filed March 21, 2014). Plastic Jungle is judicially estopped from taking this change of position, on which this court relied in remanding to the district court. *See, e.g.*, *Data Gen. Corp. v. Johnson*, 78 F.3d 1556, 1565 (Fed. Cir. 1996) ("The doctrine of judicial estoppel is that where a party successfully urges a particular position in a legal proceeding, it is estopped from taking a contrary position in a subsequent proceeding where its interests have changed." (citations omitted)).

### Analysis

The parties mutually agreed to discontinue this litigation because the accused activities had been voluntarily terminated by Plastic Jungle. The only issue on appeal arises from Cardpool's concern that it not be estopped from acting in the future against any infringement upon the new reexamined claims.

The district court based its denial of the motion to vacate or change the finality of its decision on straightforward principles of judicial process. Federal courts are precluded from deciding "questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Whenever an action loses its "character as a present live controversy" during the course of litigation, federal courts are required to dismiss the action as moot. *Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir. 1989). Here the district court's decision was final and had been affirmed on appeal before the PTO's reexamination decision. The district court violated no legal right in preserving its original decision, which is limited to the claims and grounds that existed.

Dismissal "with prejudice" operates as res judicata as to the same cause of action. 747 Am. Jur. 2d Judgments § 547. How this rule of finality would apply to changed circumstances depends on the factual circumstances of the specific situation. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327–328 (1955) ("That both suits involved 'essentially the same course of wrongful conduct' is not decisive" of the applicability of the doctrine of res judicata and courts must examine factual circumstances, such as, for example, whether "new causes of action" or "substantial changes in scope" of wrongful conduct exist, in determining its applicability.). Res judicata does not automatically arise against unknown future situations. In *Aspex*, the court applied these principles to the facts of that case, recognizing that "it is necessary that the claim either was asserted, or could have been asserted, in the

prior action. If the claim did not exist at the time of the earlier action, it could not have been asserted in that action and is not barred by res judicata." 672 F.3d at 1342; *see also Lawlor*, 349 U.S. at 328 (a prior judgment "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case").

On the facts and procedures of this case, the issue of validity of the reexamined claims remains to be addressed in any future proceeding. In the initial proceeding the original claims were adjudicated only on the ground of subject matter eligibility under section 101. As in *Aspex*, the effect of a prior judgment rendered on specific issues as applied to the original claims, depends on the facts and issues of the reexamination, and invokes equity as well as law. 672 F.3d at 1341–1346. The district court correctly deemed it inappropriate to advise on the new claims, in a case that the parties agreed was moot. The district court did not abuse its discretion in denying the motion to vacate its judgment or the finality thereof. That judgment is affirmed.

Each party shall bear its costs.

**AFFIRMED**