# United States Court of Appeals for the Federal Circuit

---

**RICHARD SOWINSKI,**

*Plaintiff-Appellant*

**v.**

**CALIFORNIA AIR RESOURCES BOARD,**

*Defendant-Appellee*

---

2019-1558

---

Appeal from the United States District Court for the Northern District of California in No. 5:18-cv-03979-LHK, Judge Lucy H. Koh.

---

Decided: August 21, 2020

---

ANTHONY GRAHAM, Graham & Martin LLP, Newport Beach, CA, for plaintiff-appellant.

JONATHAN WIENER, Office of the Attorney General, California Department of Justice, San Francisco, CA, for defendant-appellee. Also represented by XAVIER BECERRA; DAVID A. ZONANA, Oakland, CA; ROBERT DONALD SWANSON, Sacramento, CA.

---

Before NEWMAN, LOURIE, and SCHALL, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Dr. Richard Sowinski appeals the dismissal, on the ground of *res judicata,* of his patent infringement suit against the California Air Resources Board.[1]  He raises two principal arguments: (1) that *res judicata* does not apply because his present complaint seeks damages only for infringement that occurred after conclusion of his prior suits and (2) that *res judicata* does not apply because the prior suit was resolved on procedural grounds, without reaching the merits of infringement.  We conclude that the district court's decision is in accordance with law and precedent and is within the court's discretionary authority, and is affirmed.

## BACKGROUND

### *The first set of State and Federal lawsuits*

On November 24, 2015, Dr. Sowinski filed suit in the California Superior Court in Orange County, against the California Air Resources Board ("CARB") and several individual and corporate defendants associated with CARB. The three counts of the complaint were (1) infringement of United States Patent No. 6,601,033 ("the '033 patent"), (2) violation of California Welfare & Institutions Code elder abuse laws, and (3) violation of California Business & Professions Code § 17200 *et seq.*  All three counts are associated with infringement of the '033 patent, entitled "Pollution Credit Method Using Electronic Networks," which describes and claims an electronic method and apparatus for validating and trading consumer pollution-

---

[1]    *Sowinski v. Cal. Air Res. Bd.,* No. 18-CV-3979-LHK, 2018 WL 9841114 (N.D. Cal. Sept. 25, 2018) ("Dist. Ct. Op."); *id.,* (N.D. Cal. Jan. 18, 2019) (Dkt. No. 29) ("Recon. Op.").

control tax credits.  Dr. Sowinski stated that the '033 patent is infringed by California's Cap-and-Trade Program auctions.

On the motion of a defendant, the suit was removed to the United States District Court for the Central District of California.  Pre-trial proceedings included the filing of several motions to dismiss.  After Dr. Sowinski moved to file an amended complaint, the parties filed a joint stipulation to withdraw the amended complaint and postpone the hearing on the motions to dismiss.  The joint stipulation included the statement that the motions to dismiss were "potentially case dispositive."  CARB Br. 8.

Dr. Sowinski did not file a response to the motions to dismiss.  After the period set in the local rules for such response, the district court dismissed the complaint "pursuant to Central District of California Local Rule 7-12, which provides that the failure to file a document within a deadline 'may be deemed consent to the granting or denial of the motion.'"  Dist. Ct. Op. at *2.  The dismissal was with prejudice and without leave to amend.

Dr. Sowinski appealed to the Federal Circuit.  We recognized Ninth Circuit precedent that failure to oppose a motion to dismiss may lead to dismissal with prejudice. *See, e.g., Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 711, 714 (9th Cir. 2001).  We affirmed the dismissal, concluding that the district court had considered all of the relevant factors as well as the applicable case law, and that there was no clear error of judgment.  We concluded that the dismissal was properly with prejudice because Dr. Sowinski "stipulated that 'the Motions to Dismiss are potentially case dispositive,' but nevertheless conceded and reaffirmed that [he] failed to oppose." *Sowinski v. Cal. Air Res. Bd.,* 720 F. Appx 615 (Fed. Cir. 2017) ("Sowinski I"), at 619.  Our mandate issued on December 18, 2017.

### *The second set of State and Federal lawsuits*

On January 31, 2018 Dr. Sowinski filed a complaint in the Superior Court of California in Orange County. The complaint was substantially identical to his prior complaint, except that he sought damages only for infringement after the decision in *Sowinski I*. He soon voluntarily dismissed the Superior Court action, and on July 2, 2018 he filed the same complaint in the United States District Court for the Northern District of California. The complaint stated the same three counts as in *Sowinski I*: infringement of the '033 patent, violation of California elder abuse laws, and violation of the California Business & Professions Code. CARB was the only named defendant.

Dr. Sowinski filed an application in the district court to proceed *in forma pauperis*. CARB moved for dismissal on several grounds: *res judicata*, Eleventh Amendment immunity from suit, and patent invalidity. The district court dismissed the complaint on the ground of *res judicata*, observing that the dismissal of the same claims in the prior litigation against the same defendant "was an adjudication on the merits." Dist. Ct. Op. at *2. The court "[found] that the Complaint is frivolous and fails to state a claim upon which relief can be granted." *Id*. at *3.

This appeal followed.

### DISCUSSION

In reviewing a ruling of dismissal, "[t]he trial court's dismissal should not be disturbed unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations and quotation marks omitted). For review of the district court's dismissal on the ground of *res judicata*, we apply the procedural law of the regional circuit, and any aspects unique to patent

law are reviewed under Federal Circuit law. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008).

### *Res judicata, or claim preclusion, may be based on failure to prosecute*

*Res judicata* arises when the prior case or claim was previously tried and the merits were adjudicated. "In civil cases, a claim generally may not be tried if it arises out of the same transaction or common nucleus of operative facts as another already tried." *Currier v. Virginia*, 138 S. Ct. 2144, 2154 (2018). The Ninth Circuit applies the general rule that preclusion applies when the prior suit: "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). *See, e.g., Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (same).

Dr. Sowinski argues that the merits of patent infringement were not adjudicated in *Sowinski I*, for the action was dismissed because he did not comply with the district court's local rule for responding to a motion to dismiss. He argues that this was not a final judgment on the merits, because the dismissal was based on the technicality of a local deadline. He states that the imposition of *res judicata* on this basis is "manifestly unjust" because there was no trial of the question of infringement, and that if an infringement suit is now barred his patent is essentially invalidated because the CARB Cap-and-Trade Program is the only known infringing activity.

The district court cited *Johnson v. U.S. Department of the Treasury*, 939 F.2d 820, 825 (9th Cir. 1991) for the holding that "dismissal for failure to prosecute should be 'treated as an adjudication on the merits for purposes of preclusion.'" Dist. Ct. Op. at *2. On Dr. Sowinski's request for reconsideration, the district court cited the Federal

Circuit's statement in *Senju Pharmaceutical Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014) that: "Claim preclusion will generally apply when a patentee seeks to assert the same patent against the same party and the same subject matter." Recon. Op. at 2.

Federal Rule of Civil Procedure 41(b) provides that a dismissal for failure to prosecute "operates as an adjudication on the merits," with exceptions not here applicable:

> 41(b)    Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits. . . .

The Federal Circuit has applied these principles. *See, e.g.*, *Nystrom v. Trex Co.*, 580 F.3d 1281, 1284-85 (Fed. Cir. 2009) ("In its simplest construct, [claim preclusion bars] the relitigation of a claim, or cause of action, or any possible defense to the cause of action which is ended by a judgment of the court."); *Senju, supra.*

We conclude that the district court properly applied preclusion on this ground.

### *Preclusion may apply to claims that arise after the prior judgment*

Dr. Sowinski argues that preclusion cannot apply, as a matter of law, because he is seeking damages only for the period after conclusion of the *Sowinski I* litigation.  He cites the principle that: "While the [prior] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." Sowinski Br. 3-4. (quoting

*Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 328 (1955)).  He also cites Ninth Circuit precedent that "[f]ailure to gain relief for one period of time does not mean that the plaintiffs will necessarily fail for a different period of time." Sowinski Br. 4 (quoting *Harkins Amusement Enters., Inc. v. Harry Nace Co.,* 890 F.2d 181, 183 (9th Cir. 1989)).  However, in those cases the second litigation related to different conduct and different alleged violations or litigants, *Lawlor*, 349 U.S. at 328, or "facts which by the defendants' own concession are at least 10 percent different from the facts alleged" in the previous litigation and that occurred after the previous litigation, *Harkins,* 890 F.2d at 183.

Dr. Sowinski alleges no different conduct or acts, and the defendant is the same.  However, he argues that a claim "arising subsequent to a prior action . . . [is] not barred by *res judicata*" even if the new claim is "premised on facts representing a continuance of the same course of conduct."  Reply Br. 3 (internal quotation marks omitted). He cites *Storey v. Cello Holdings, LLC*, 347 F.3d 370 (2d Cir. 2003), for the position that "[c]laims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by *res judicata* regardless of whether they are premised on facts representing a continuance of the same course of conduct." *Id.* at 383 (internal quotation marks omitted).

It is correct that when an act has been adjudged wrongful, a subsequent suit may be brought if the violation is repeated.  However, when the act has been adjudged not wrongful, its repetition cannot be challenged in a subsequent suit.  In *Brain Life, LLC v. Elekta Inc.,* 746 F.3d 1045 (Fed. Cir. 2014), the court considered the effect of a prior judgment of non-infringement; the court explained that preclusion does not apply to new or changed products or methods, but does apply when the accused products or

methods are essentially the same. *Id.* at 1054. The court summarized:

> The principle that, when an alleged infringer prevails in demonstrating noninfringement, the specific accused device(s) acquires the "status" of a noninfringing device vis-à-vis the asserted patent claims is "[a]n essential fact of a patent infringement claim" …. And, when the devices in the first and second suits are "essentially the same," the "new" product(s) also acquires the status of a noninfringing device vis-à-vis the same accusing party or its privies.

*Id.* at 1057 (quoting *Foster v. Hallco Mfg. Co.,* 947 F.2d 469, 479-80 (Fed. Cir. 1991)). *See Lawlor,* 349 U.S. at 383 (a claim based on new and different facts is not precluded, whereas a claim based on the same facts is precluded).

Here the accused CARB activity had been held not to be infringing, for Dr. Sowinski's failure to respond to the motions to dismiss was treated as a judgment on the merits. He does not allege any different facts; to the contrary, his complaint states that CARB's on-going activities are the same as existed for *Sowinski I.*

The district court properly held that the dismissal in *Sowinski I* is *res judicata*, for CARB is charged with the same acts of infringement of the same patent. Although Dr. Sowinski stresses the inequity that he did not obtain resolution of the question of infringement, CARB points out that he had the opportunity to do so. The application of preclusion "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes," *Brown v. Felsen,* 442 U.S. 127, 131 (1979). The district court acted within its discretion and in accordance with law, in applying *res judicata*. The dismissal is affirmed.

**AFFIRMED**