THIS ORDER IS
A PRECEDENT OF
THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

JMM

February 24, 2025

Cancellation No. 92084197

*Faram Holding and Furniture, Inc.*

*v.*

*Faram 1957 S.p.A.*

**Before Pologeorgis, English, and Elgin,**
**Administrative Trademark Judges.**

**By the Board:**

This case comes before the Board for consideration of Respondent's motions for an extension of time to respond to the petition to cancel and for summary judgment on the defense of res judicata.[1]

##   I.    Factual Background

###       A. The Current Proceeding

Petitioner seeks to cancel the registrations below (collectively, "Respondent's Registrations") on the grounds that the marks have been abandoned under

---

[1] 8 TTABVUE; 10 TTABVUE. Citations in this order to the briefs and other materials in the case docket refer to TTABVUE, the Board's online docketing system. *See In re Integra Biosciences Corp.*, Ser. No. 87484450, 2022 WL 225424, at *3 (TTAB 2022). Legal citations are in the form recommended in the TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 101.03 (2024). This order cites decisions of the U.S. Court of Appeals for the Federal Circuit and the U.S. Court of Customs and Patent Appeals by the page(s) on which they appear in the Federal Reporter (e.g., F.2d, F.3d, or F.4th). For decisions of the Board, this order cites to the Westlaw legal database and cites only precedential decisions.

Cancellation No. 92084197

Trademark Act Section 14(3), 15 U.S.C. § 1064(3), and have never been used in commerce under Trademark Act Section 14(6), 15 U.S.C. § 1064(6):[2]

| Reg. No. / Date | Mark | Goods/Services |
|---|---|---|
| Reg. No. 5815670<br><br>(July 30, 2019) | 🐎 FARAM | Metal curtain walls; metal wall panels; bed fittings of metal; bed castors of metal (Int'l Cl. 6)<br><br>Curtain walls, not of metal; wall panels, not of metal (Int'l Cl. 19)<br><br>Furniture; furniture and furnishing, namely, furniture partitions and freestanding and movable partitions for offices, tables, desks, chairs, stools, armchairs, cupboards, cabinets, bookcases for office furnishing; furniture and furnishing, namely, furniture partitions and freestanding and movable partitions for hospitals, institutions, convalescent homes and rest homes for the elderly; hospital beds, beds for institutions, convalescent homes and rest homes for the elderly; bed fittings, not of metal; bed casters, not of metal; water beds, not for medical purposes; nightstands, cupboards, cabinets, bookcases, armchairs, chairs, stools, tables for the furnishing of hospitals, institutions, convalescent homes and rest homes for the elderly (Int'l Cl. 20) |
| Reg. No. 3154260<br><br>(Oct. 10, 2006)<br><br>(Section 71 Declaration accepted) | 🐎 FARAM | Metal partitions (Int'l Cl. 6)<br><br>Non-metal partitions and adjustable wall panels not of metal (Int'l Cl. 19)<br><br>Metal office furniture and non-metal office furniture, namely, desks, tables, office cabinets and furniture partitions (Int'l Cl. 20) |

[2] The underlying application for each of Respondent's Registrations was filed based on a request for extension of protection under Trademark Act Section 66(a), 15 U.S.C. § 1141f(a).

2

| | | |
|---|---|---|
| Reg. No. 3154261 (Oct. 10, 2006) (Section 71 Declaration accepted) | **FARAM** | Metal partitions (Int'l Cl. 6) Non-metal partitions and adjustable wall panels not of metal (Int'l Cl. 19) Metal office furniture and non-metal office furniture, namely, desks, tables, office cabinets and furniture partitions (Int'l Cl. 20) |
| Reg. No. 3158999 (Oct. 17, 2006) (Section 71 Declaration accepted) | | Metal partitions (Int'l Cl. 6) Non-metal partitions and adjustable wall panels not of metal (Int'l Cl. 19) Metal office furniture and non-metal office furniture, namely, desks, tables, office cabinets and furniture partitions (Int'l Cl. 20) |

In lieu of an answer, Respondent filed a contested motion to extend its time to respond to the petition to cancel by thirty days. Shortly thereafter, Respondent filed a motion for summary judgment on the affirmative defense of res judicata, also known as claim preclusion, based on the final decisions in the below-discussed Prior Proceedings between the parties. The motion for summary judgment is fully briefed.

### B. The Prior Proceedings

All of the involved registrations here were the subject of prior proceedings before the Board. In 2017, Petitioner filed petitions to cancel Respondent's involved Registration Nos. 3154260, 3154261, and 3158999 on the grounds of abandonment and fraud in Cancellation Nos. 92065198, 92065199, and 92065439, respectively (the "Prior Cancellations").[3] Later that year, Petitioner filed a notice of opposition against

---

[3] 10 TTABVUE 8–40.

Respondent's application Serial No. 79198956, which subsequently matured into involved Registration No. 5815670, on the grounds of likelihood of confusion and false suggestion of a connection in Opposition No. 91234637 (the "Prior Opposition").[4] The Prior Cancellations and the Prior Opposition will be collectively referred to as the "Prior Proceedings."

In 2019, the parties filed a "Stipulated Joint Motion To Withdraw Cancellation With Prejudice And With Consent" in the Prior Cancellations.[5] The joint motion provided that the parties "have settled their dispute," and "stipulate to the withdrawal of the [Prior Cancellations] WITH PREJUDICE, with CONSENT of both parties, and without entry of judgment against either party."[6] On June 21, 2019, the Board issued an order in the Prior Cancellations stating: "On June 20, 2019, the parties' [sic] filed a stipulated withdrawal of the above-captioned consolidated proceedings with prejudice in accordance with the parties' agreement. In view thereof, proceedings 92065198, 92065199 and 92065439 are each denied with prejudice."[7]

At the same time, the parties also filed a "Stipulated Joint Motion To Withdraw Opposition With Prejudice And With Consent," in the Prior Opposition.[8] The joint motion provided that the parties "have settled their dispute" and "stipulate to the

---

[4] *Id.* at 41–49.

[5] 11 TTABVUE 12–14.

[6] *Id.* at 13 (emphasis in original).

[7] *Id.* at 15.

[8] *Id.* at 16–18.

withdrawal of the [Prior Opposition] WITH PREJUDICE, with CONSENT of both parties, and without entry of judgment against either party."[9] On June 21, 2019, the Board issued an order in the Prior Opposition stating: "In view of the stipulation filed on June 20, 2019, the opposition is dismissed with prejudice."[10]

## II. Motion To Extend Time to Answer Petition to Cancel

The standard for allowing an extension of a prescribed period prior to the expiration of that period is "good cause." *See* Fed. R. Cir. P. 6(b). "[T]he Board is liberal in granting extensions of time before the period to act has elapsed so long as the moving party has not been guilty of negligence or bad faith and the privilege of extension is not abused." *Nat'l Football League v. DNH Mgmt. LLC*, Opp. No. 91176569, 2008 WL 258323, at *1 (TTAB 2008).

Respondent has established good cause for the extension of time to file an answer or otherwise respond to the petition to cancel. Respondent has not abused the privilege of extensions, as this is its first contested request to extend a deadline. Moreover, there is nothing in the record to suggest that Respondent has been negligent or acted in bad faith in seeking an extension. Respondent contends that the "investigation of this matter is complicated because the [parties] have had a long and litigious history with prior Opposition and Cancellation proceedings before the TTAB, as well as a Federal District Court civil action."[11] Petitioner has indicated no prejudice, and the Board finds none, which would result from the extension.

---

[9] *Id.* at 17.

[10] *Id.* at 19.

[11] 8 TTABVUE 2.

Accordingly, Respondent's motion to extend time to file an answer or otherwise respond to the petition to cancel is **granted**. As a result, Respondent's motion for summary judgment is timely.[12]

### III. Motion For Summary Judgment

#### A. Applicable Legal Principles

Summary judgment is an appropriate method of disposing of cases in which there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A party moving for summary judgment has the burden of demonstrating there is no genuine dispute of material fact remaining for trial and it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The evidentiary record and all justifiable inferences to be drawn from the undisputed facts must be viewed in the light most favorable to the nonmoving party. *Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 202 (Fed. Cir. 1992).

Under the doctrine of claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000) (internal citations omitted). For claim preclusion to apply, the following requirements must be satisfied: (1) the parties (or their privies) are identical; (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first. *Id.*

---

[12] A motion for summary judgment asserting claim preclusion may be filed prior to a party making its initial disclosures. *See* Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1).

### B. Identity of the Parties

There is no genuine dispute that the parties here are the same as those in the Prior Proceedings. The first requirement for claim preclusion is therefore satisfied.

### C. Earlier Final Judgment on the Merits

As a matter of law, the Board's orders on the withdrawals in the Prior Proceedings operate as final judgments on the merits for purposes of claim preclusion. *See Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001) (finding a dismissal with prejudice precluded another suit based on the same claim); *see also Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327 (1955) ("It is of course true that the [earlier] judgment dismissing the previous suit 'with prejudice' [pursuant to a settlement] bars a later suit on the same cause of action."); *Cardpool, Inc. v. Plastic Jungle, Inc.*, 817 F.3d 1316, 1324 (Fed. Cir. 2016) ("Dismissal 'with prejudice' operates as res judicata as to the same cause of action."); *Flowers Indus. Inc. v. Interstate Brands Corp.*, Opp. No. 91070572, 1987 WL 123874, at *2 (TTAB 1987) (claim preclusion may apply "even when the prior judgment resulted from default, consent, or dismissal with prejudice").

Although the parties' joint motions for withdrawal of the Prior Proceedings stated that the withdrawals should be "without entry of judgment against either party," the joint motions explicitly stated twice, in all capital letters, that the actions were to be withdrawn "WITH PREJUDICE,"[13] which, as explained, operates as a final judgment for purposes of claim preclusion. *See, supra, Hallco Mfg. Co.*, 256 F.3d at 1297; *Lawlor*, 349 U.S. at 327. The Board's subsequent orders unequivocally stated that the

---

[13] 11 TTABVUE 13, 17 (capitalization in the original).

dismissals were "with prejudice,"[14] thus, resulting in judgment in favor of the defendant in the proceedings. *See Hallco Mfg. Co.*, 256 F.3d at 1297 ("the [prior action] was terminated by a dismissal with prejudice, which is a judgment on the merits."); *see also Ford-Clifton v. Dep't of Veterans Affs.*, 661 F.3d 655, 660 (Fed. Cir. 2011) ("It is widely agreed that an earlier dismissal based on a settlement agreement constitutes a final judgment on the merits in a res judicata analysis."); *Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1230 (Fed. Cir. 2006) (construing Second Circuit law and stating that "[a] dismissal with prejudice is a judgment on the merits for purposes of claim preclusion."); 46 AM. JUR. 2D JUDGMENTS § 526 (2025) ("The term 'with prejudice,' expressed in a judgment of dismissal, has a well-recognized legal import. The term indicates an adjudication of the merits, that operates as res judicata . . . [and] precludes the subsequent litigation of the same cause of action, as if the action had been tried to final adjudication.").[15] The parties did not request reconsideration of the Board's orders, Trademark Rule 2.127(b), 37 C.F.R. § 2.127(b), or seek relief from final judgment under Fed. R. Civ. P. 60(b).

Nor did the parties include in their joint motions any express carve out for the application of claim preclusion. *See Hallco Mfg. Co.*, 256 F.3d at 1297 (stating that any such reservation must be "an express reservation."); *see also Pactiv Corp.*, 449 F.3d at 1231 (construing Second Circuit law and stating that "the parties can, in a separate agreement . . . reserve the right to litigate a claim that would otherwise be

---

[14] 11 TTABVUE 13–15, 17–19.

[15] Black's Law Dictionary (12th ed. 2024) defines "with prejudice" as "[w]ith loss of all rights; in a way that finally disposes of a party's claim and bars any future action on that claim."

barred by res judicata," but "that reservation must be express."); *cf. Epic Metals Corp. v. H.H. Robertson Co.*, 870 F.2d 1574, 1576 (Fed. Cir. 1989) (construing Third Circuit law and stating that "a party may expressly reserve in a consent judgment the right to relitigate some or all issues that would have otherwise been barred between the same parties"). To the extent the parties could have reserved such a carve out in the Prior Proceedings, the language that the withdrawal should be "with prejudice," and "without entry of judgment against either party," is not an express reservation of rights regarding claim preclusion.[16] The second requirement for claim preclusion therefore is satisfied.

### D. Same Set of Transactional Facts

This case implicates the defensive doctrine of "bar," wherein the Board must analyze whether the plaintiff can bring a subsequent case against a defendant. *See Jet Inc.*, 223 F.3d at 1362 (stating that the doctrine of claim preclusion "has come to incorporate common law concepts of merger and bar, and will thus also bar a second suit raising claims based on the same set of transactional facts") (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). "A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim," and "[t]his bar extends to relitigation of 'claims that were raised *or* **could have been raised**' in an earlier action." *Urock Network v. Sulpasso*, Canc. No. 92058974, 2015 WL 4658976, at *4 (TTAB 2015) (emphasis in italics in original appears in bold here) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 19

---

[16] 11 TTABVUE 13, 17.

(1982)). Therefore, we next turn to the question of whether the claims asserted here could have been raised in the Prior Proceedings.

### 1. Registration No. 5815670

Claim preclusion cannot bar Petitioner from raising, in the current proceeding, claims for either abandonment under Trademark Act Section 14(3) or nonuse under Trademark Act Section 14(6) against involved Registration No. 5815670, which was the subject of the Prior Opposition. As of the conclusion of the Prior Proceedings, Respondent's underlying application, which was filed as a request for extension of protection under Trademark Act Section 66(a), had not yet matured to registration. As a result, Petitioner could not have brought an abandonment claim in the Prior Opposition. *See Dragon Bleu (SARL) v. VENM, LLC*, Opp. No. 91212231, 2014 WL 7206399, at *8 (TTAB 2014) (for purposes of abandonment, the relevant period of nonuse begins to run from the date of issuance of a Section 66(a) registration). Similarly, Petitioner could not have brought a claim that the mark has never been used in commerce because such a claim may only be brought after the first three years from the date of registration. *See* 15 U.S.C. § 1064(6).

### 2. Registration Nos. 3154260, 3154261, and 3158999

#### a. Abandonment Claims

Claim preclusion does not bar a party from asserting claims based on activity occurring after the judgment in the earlier suit, provided that those claims are based solely upon circumstances occurring subsequent to the termination of the prior suit. *See SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1170 (Fed. Cir. 2018); *Johnson &*

*Johnson v. Rexall Drug Co.*, Opp. No. 91053130, 1975 WL 20825 (TTAB 1975); *cf. Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1365 (Fed. Cir. 2017) ("the difference in timing means that the two situations do not involve the same 'claim' for claim-preclusion purposes, even if all the conduct is alleged to be unlawful for the same reason.").

In the Prior Cancellations, Petitioner alleged, inter alia, that:

> 19. Registrant is not currently offering goods or services under the Trademark, as Registrant has admitted in the Petition.
>
> 20. Registrant has never used the Trademark in commerce.[17]

By comparison, in the current proceeding, Petitioner contends, inter alia, that:

> 7. On June 12, 2019, Petitioner and Respondent entered into a settlement agreement ("Settlement Agreement") that among other things stipulated dismissal of the Cancellations (Nos. 92065198, 92065198, and 92065439) and Opposition (No. 91234637), as well as the lawsuit (Case No.: 16-cv-02430-VSB). Pursuant to the settlement agreement Petitioner and Respondent agreed to jointly form a new company that would operate in the United States under the Registration.
>
> 8. On June 21, 2019, the Trademark Trial and Appeals [sic] Board (the "Board") dismissed the Cancellations (Nos. 92065198, 92065198, and 92065439) and Opposition (No. 91234637) with prejudice based on the stipulated motion of Petitioner and Respondent.
>
> 9. As confirmed by Respondent in writing, the Settlement Agreement was breached due to Respondent's failure to perform its obligations under the Settlement Agreement.
>
> 10. Likewise, upon information and belief, Respondent failed to commence use of the marks in the Registrations after the dismissal of the Cancellations and Opposition by the Board on June 21, 2019. That is, Respondent has not used the marks in the Registrations since at least June 27, 2013 [sic].

---

[17] 10 TTABVUE 15, 26, and 37.

11. Respondent limited itself to selling raw materials and raw aluminum profiles that are not branded under the marks on the Registration, but rather sold only to Petitioner, and no third party, without therefore ever using the trademarks in the Registration in commerce.

. . .

16. Upon information and belief, Respondent has not commenced use and has never used Respondent's marks in U.S. commerce with any of the Respondent's goods.

17. Upon information and belief, Respondent has not used the marks in the Registrations in the U.S. commerce at least from June 21, 2019.

18. Upon information and belief, Respondent has no bona fide intention to initiate use of the marks in commerce in the United States as demonstrated by Respondent's failure to use the marks in commerce in three years, from at least June 21, 2019, and are therefore abandoned with respect thereto.[18]

The Prior Cancellations were terminated on June 21, 2019. To the extent Petitioner asserts claims of abandonment based solely upon events occurring after June 21, 2019, the time in which the alleged periods of abandonment occurred are different from those alleged in the Prior Proceedings. Petitioner also points to new transactional facts that occurred after 2019; for example, the alleged breach of the parties' settlement agreement. *Cf. SimpleAir, Inc.*, 884 F.3d at 1170 ("We have held that claim preclusion does not bar a party from asserting infringement based on activity occurring after the judgment in the earlier suit."). Thus, there is no genuine dispute that Petitioner's abandonment claims as to Registration Nos. 3154260, 3154261, and 3158999, based on events occuring after June 21, 2019, do not arise from the same set of transactional facts as the petitions in the Prior Cancellations.

---

[18] 1 TTABVUE 7–9.

Accordingly, we find that claim preclusion does not apply to the abandonment claims based on events occuring after June 21, 2019, against Registration Nos. 3154260, 3154261, and 3158999.

However, although Petitioner contends in its response to the motion for summary judgment that "the present cancellation is based on the allegations of abandonment and non-use after June 21, 2019,"[19] the petition to cancel includes allegations directed to Respondent's alleged nonuse prior to 2019.[20] For the avoidance of doubt, we note that Petitioner has not asserted any transactional facts regarding abandonment and nonuse that occurred prior to 2019 that were not alleged with respect to its previous abandonment claims. Thus, there is no genuine dispute that the current abandonment claims based on nonuse before June 21, 2019 are based on the same set of transactional facts as the abandonment claims in the Prior Cancellations. The third requirement for claim preclusion, therefore, is satisfied as to any such claims.

### b. Never Been Used In Commerce Claims

Under claim preclusion, a plaintiff is barred from a "subsequent assertion of the same transactional facts in the form of a different cause of action or theory of relief." *Vitaline Corp. v. Gen. Mills, Inc.*, 891 F.2d 273, 275 (Fed. Cir. 1989) (citations omitted). As the *Vitaline* Court held:

> [w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

---

[19] 11 TTABVUE 9.

[20] *See, e.g.*, 1 TTABVUE 8, ¶¶ 10, 16.

*Id.* (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) at 196)). "[A] claim generally may not be tried if it arises out of the same transaction or common nucleus of operative facts as another already tried." *Sowinski v. Cal. Air Res. Bd.*, 971 F.3d 1371, 1374 (Fed. Cir. 2020) (quoting *Currier v. Virginia*, 585 U.S. 493, 507 (2018)).

The Board may consider numerous factors to determine whether claims are based on the same set of transactional facts, including whether the facts are so woven together as to constitute a single claim (due to relatedness in time, space, origin, or motivation), and whether, taken together, they form a convenient unit for trial purposes. *Chutter, Inc. v. Great Concepts, LLC*, Canc. No. 92061951, 2016 WL 6819243, at *6 (TTAB 2016); *see Jet, Inc.*, 223 F.3d at 1363 ("Seeking to bring additional clarity to this standard, courts have defined 'transaction' in terms of a 'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same, factual allegations.'"). For example, in *Vitaline*, the plaintiff sought "to relitigate the claim of non-use of [the defendant's mark], originally asserted as showing fraud, by asserting a new theory, abandonment." 891 F.2d at 275. The Federal Circuit held that claim preclusion barred the plaintiff's claims because the "theories of abandonment and fraud are not only based upon the same transactional facts—use of the mark on product containers in connection with certain wording, but rely on the very same proof—the affidavit and specimens." *Id.*

A claim under Section 1064(6) that a mark has never been used in commerce in connection with the involved goods became available in Board proceedings on

December 18, 2021 – after termination of the Prior Cancellations – when the Trademark Modernization Act of 2020 and related regulations went into effect. *See* CHANGES TO IMPLEMENT PROVISIONS OF THE TRADEMARK MODERNIZATION ACT OF 2020, 86 Fed. Reg. 64300, 64306 (Nov. 17, 2021) ("The TMA created a new nonuse ground for cancellation under section 14 of the Act, allowing a petitioner to allege that a mark has never been used in commerce as a basis for cancellation before the TTAB. This ground is available at any time after the first three years from the registration date."). However, in the Prior Cancellations, Petitioner explicitly pleaded, as the basis of both its abandonment and fraud claims, that "Registrant has never used the Trademark in commerce."[21] Thus, it is clear that Petitioner raised its theory of nonuse against Registration Nos. 3154260, 3154261, and 3158999 in the Prior Cancellations, and Petitioner does not allege any additional facts as to the alleged nonuse prior to 2019 that change its theory of nonuse.[22] Claim preclusion is designed to prevent Petitioner from using another statutory ground such as Section 1064(6) to obtain a second bite at the apple to seek cancellation based on nonuse. *Cf. Orouba Agrifoods Processing Co. v. United Food Import*, Canc. No. 92050739, 2010 WL 5574283, at *4 (TTAB 2010) ("Petitioner cannot avoid the application of claim preclusion by merely bringing additional claims in this proceeding based on the same

---

[21] 10 TTABVUE 15, ¶ 20; 16, ¶ 32; 26, ¶ 20; 27, ¶ 32; 37, ¶ 20; 38, ¶ 32.

[22] As explained in *Vitaline*, "[a]lthough abandonment requires both non-use and intent not to resume use of the mark, the element of intent can be established inferentially by the same facts that establish non-use. Indeed, the Lanham Act provides that a prima facie case of abandonment is established upon proof of non-use for two years." *Vitaline Corp.,* 891 F.2d at 275 (citing 15 U.S.C. § 1127(a)). As of January 1, 1996, the Trademark Act was amended to require three years nonuse, rather than two years, as a prima facie case for abandonment. *See* Trademark Act Section 45, 15 U.S.C. § 1127.

transactional facts as the prior opposition."). Unlike the abandonment claims based on facts occurring after June 21, 2019, the never used claims are based on the same transactional facts as the prior abandonment claims. The third requirement for claim preclusion therefore is satisfied as to the Section 1064(6) claims against Registration Nos. 3154260, 3154261, and 3158999.

## IV. Summary

In view of the foregoing, Respondent has met its burden to show that there are no genuine disputes of material fact and it is entitled to judgment as a matter of law on its res judicata affirmative defense with respect to the abandonment claims based on nonuse before June 21, 2019, against Registration Nos. 3154260, 3154261, and 3158999, and with respect to the Section 1064(6) "never used" claims against Registration Nos. 3154260, 3154261, and 3158999.

Accordingly, Respondent's motion for summary judgment is **granted in part** as to the abandonment claims based on nonuse before June 21, 2019, against Registration Nos. 3154260, 3154261, and 3158999, and the Section 1064(6) claims against Registration Nos. 3154260, 3154261, and 3158999. The petition for cancellation is hereby **dismissed with prejudice** as to Registration Nos. 3154260, 3154261, and 3158999 with respect to Respondent's abandonment claims based on nonuse before June 21, 2019, and its Section 1064(6) claims.

In contrast, Respondent has not met its burden to show that there are no genuine disputes of material fact on its res judicata affirmative defense with respect to the abandonment and Section 1064(6) claims against Registration No. 5815670, or the

16

abandonment claims based on events occuring after June 21, 2019, against Registration Nos. 3154260, 3154261, and 3158999. To the contrary, we find as a matter of law that claim preclusion does not apply to these claims. Respondent's motion for summary judgment is **denied in part** on this basis.

Indeed, the Board has the authority to sua sponte "grant summary judgment to the non-movant" so long as it provides the moving party with "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 56(f). The purpose of notice is to prevent prejudice. In cases where a party has no additional evidence to bring and has fully briefed its position, courts have sua sponte granted summary judgment even without notice, finding no prejudice. *See Bridgeway Corp. v. Citibank*, 201 F.3d 134, 140 (2d Cir. 2000) ("If . . . the party had no additional evidence to bring, it cannot plausibly argue that it was prejudiced by the lack of notice."); *see also Albino v. Baca*, 747 F.3d 1162, 1176-77 (9th Cir. 2014) (en banc) (sua sponte grant of summary judgment for non-movant without prior notice as movants had a "full and fair opportunity to ventilate the issues involved," and "were on notice of the need to come forward with all their evidence in support of this motion, and they had ... ample opportunity to conduct discovery and to provide evidence to carry their burden of proof."); *Kannady v. City of Kiowa*, 590 F.3d 1161, 1171 (10th Cir. 2010) ("When a district court's sua sponte determination is based on issues identical to those raised by a moving party, the risk of prejudice is significantly lowered....").

Here, there are no genuine disputes of material fact with respect to the inapplicability of claim preclusion with respect to the abandonment and Section

1064(6) claims against Registration No. 5815670, or the abandonment claims based on events occuring after June 21, 2019, against Registration Nos. 3154260, 3154261, and 3158999, and the evidentiary record is fully developed. The issues are purely legal ones. Respondent raised and briefed its position on the preclusion defense and pointed to the Office's electronic records as its entire evidentiary support, having no additional evidence to bring or argument to be made. Accordingly, we find it appropriate to sua sponte **grant** partial summary judgment in favor of Petitioner on the defense of claim preclusion with respect to the abandonment and Section 1064(6) claims against Registration No. 5815670, and the abandonment claims based on events occuring after June 21, 2019, against Registration Nos. 3154260, 3154261, and 3158999.

## V.  Proceeding Schedule

Pursuant to the Board's inherent authority to control the cases on its docket, Petitioner is hereby ordered, within **TWENTY (20) DAYS** of the date of this order, to submit an amended petition to cancel that is consistent with this order.[23] The Board also exercises its discretion to require that Petitioner's amended petition include a separate heading for each claim and that each claim be fully and sufficiently alleged under its separate heading.

Remaining proceeding dates are reset as follows:

| | |
|---|---|
| Time to Answer | 4/11/2025 |
| Deadline for Discovery Conference | 5/11/2025 |

[23] For the avoidance of doubt, Petitioner may not replead its abandonment claims based on nonuse before June 21, 2019, against Registration Nos. 3154260, 3154261, and 3158999, and the Section 1064(6) claims against Registration Nos. 3154260, 3154261, and 3158999.

| | |
|---|---|
| Discovery Opens | 5/11/2025 |
| Initial Disclosures Due | 6/10/2025 |
| Expert Disclosures Due | 10/8/2025 |
| Discovery Closes | 11/7/2025 |
| Plaintiff's Pretrial Disclosures Due | 12/22/2025 |
| Plaintiff's 30-day Trial Period Ends | 2/5/2026 |
| Defendant's Pretrial Disclosures Due | 2/20/2026 |
| Defendant's 30-day Trial Period Ends | 4/6/2026 |
| Plaintiff's Rebuttal Disclosures Due | 4/21/2026 |
| Plaintiff's 15-day Rebuttal Period Ends | 5/21/2026 |
| Plaintiff's Opening Brief Due | 7/20/2026 |
| Defendant's Brief Due | 8/19/2026 |
| Plaintiff's Reply Brief Due | 9/3/2026 |
| Request for Oral Hearing (optional) Due | 9/13/2026 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Such briefs should utilize citations to the TTABVUE record created during trial, to facilitate the Board's review of the evidence at final hearing. Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).